NEW-YORK,
May, 1809.

Gage
v.
Stewart.

GAGE *against* STEWART.

IN error, on *certiorari.* *Stewart* sued *Gage* in the court below, in trespass, for taking out of his waggon a barrel, containing 10 gallons of whiskey. Upon the trial, *Stewart* offered one *Andrews* as a witness. The defendant objected to his competency, inasmuch as he was the owner of the whiskey, and had sent *Stewart* to bring it. The fact was admitted, and the justice ruled that the witness should not give evidence to the jury as to the whiskey, but confine himself to the barrel. The plaintiff claimed 1 dollar for the barrel, 8 dollars and 75 cents for the whiskey, and 5 dollars for the detention. The jury found a verdict for 9 dollars and 43 cents.

The case was submitted without argument.

*Per Curiam.* The witness, *Andrews*, as owner of the whiskey, was directly interested ; and if a witness is interested in ever so small a part of the demand, he is incompetent. The least degree of interest will disqualify a witness. The plaintiff claimed the whiskey, as well as damages for the detention ; and the verdict must have included the whiskey. To allow a witness to testify as to part of a demand, when he is interested in another part, is dangerous and cannot be allowed. The judgment must, therefore, be reversed.

*Margin note:* Where a witness is interested in any part of the demand of the plaintiff, he cannot be admitted a witness as to another part.

Judgment reversed.