HOLGATE *vs.* PALMER and others.

Where P. sold a lot of land to the complainant and took back a bond and mortgage for part of the purchase money, which he afterwards assigned to B. upon a valid consideration, upon a bill filed by the purchaser against P. and B. to set aside the sale, and the bond and mortgage, upon the ground of an alleged fraud of P. in the sale; *Held*, that P. who had suffered the bill to be taken as confessed against him, and who had been released by B. his co-defendant, was a competent witness for such co-defendant, to disprove the alleged fraud.

A defendant who suffers the bill to be taken as confessed, and thereby enables the complainant to obtain a decree against him individually, notwithstanding his testimony in favor of a co-defendant, is a competent witness for such co-defendant; although he would have been directly interested in the matters to which he is examined, if he had put in an answer denying the allegations in the complainant's bill.

But in a matter of contract, where it is impossible to obtain a decree against a defendant, who suffers the bill to be taken as confessed, if the complainant fails in his suit against the other defendants who were joint contractors with him, the defendant, against whom the bill is taken as confessed, cannot be examined as a witness in favor of his co-defendants, to sustain their defence.

THIS was an appeal from a decision of the vice chancel- August 4. lor of the fifth circuit, suppressing the deposition of the defendant, Palmer, and refusing to suffer it to be read as evidence in behalf of his co-defendant, D. Burt, under the following circumstances : In October, 1834, the defendant, Andrews, purchased a narrow strip of land in Buffalo, between six and seven hundred feet long, for the price of $650, which is described in the deed and contract and mortgage hereafter mentioned, as bounded on the one side thereof by a street sixty-six feet wide. Andrews afterwards authorized the defendant Palmer to sell the premises, and to pay the original purchase money of $650 out of the proceeds of such sale ; and agreed that the residue of the proceeds should be equally divided between himself and Palmer. On the 12th of February, 1836, Palmer entered into a contract, with the complainant, to sell the premises to him for the price or consideration of $6000 ; of which $1000 was paid at the time of the execution of the contract, and $1000 was to be paid on the first of July

thereafter, and the residue on the 12th of February, 1841, with interest thereon annually. Alvan Stewart joined with the complainant in the contract, as security, and the deed was to be given to Holgate and Stewart on the first of July, 1836, when the second payment was to be made; and they were then to give a bond and mortgage upon the premises, for the security of the payment of the $4000 and annual interest thereon. In June, 1836, Andrews sold and assigned all his interest in the contract to Palmer, and he authorized the complainant and Stewart to carry the contract into effect with Palmer, and to execute their bond and mortgage directly to him. Andrews and wife subsequently conveyed the premises to the complainant and Stewart by a full covenant deed, dated as at the time of entering into the contract, and they at the same time executed to Palmer the $4000 bond and mortgage, as of the same date; and the complainant also paid him the second payment of $1000 and the interest due thereon. Palmer paid over this amount to the defendant Burt, and also assigned to him the bond and mortgage, in payment and discharge of a note of $4000 which Burt held, purporting to be signed by Palmer; and which was endorsed by S. H. Macy and B. Rathbun. The bond and mortgage were sold to Burt for $3500; and he paid Palmer the balance or difference between that sum, together with the $1000 payment, and the note; which note was given up to Palmer. The bill in this cause was filed to set aside the bond and mortgage and to recover back the monies paid; upon an allegation in the bill that at the time of making the contract Palmer, either fraudulently or by mistake, represented that the lot was bounded by a street 66 feet wide, when in fact no street of that width existed; and which fact the complainant did not discover until after the execution and assignment of the bond and mortgage, and after the payment of the first year's interest thereon to Burt.

The defendant Palmer suffered the bill to be taken as confessed against him, and the defendants Burt and Andrews put in separate answers to the same. The answer

1840.

Holgate
v.
Palmer.

of Burt denied all knowledge of the situation of the land or of the title thereto, or as to the alleged misrepresentations of Palmer in relation to the street. And he claimed protection as a bona fide purchaser of the bond and mortgage, with the knowledge and consent of the complainant ; the same having been paid for by Burt as above stated. Replications having been filed to these answers, and the parties being about to take testimony therein, and the defendants Burt and Andrews both wishing to avoid themselves of the testimony of their co-defendant Palmer as a witness, to prevent the delay of an application to the court at that time for leave to examine him, a stipulation was entered into by their solicitors and the solicitor for the complainant, whereby it was agreed that his testimony might be taken *de bene esse;* but that it should not be used by either party on the hearing of the cause, unless the court, upon a motion made by such party, on due notice, should decide that the testimony of Palmer was competent for Burt or Andrews, or one of them, or for the complainant. In pursuance of this stipulation Palmer's testimony was taken, and the solicitor for Andrews afterwards stipulated that it might be read on the part of Burt. The solicitor for Burt then gave notice to the complainant of an application to the vice chancellor, before whom the cause was pending, for an order that the testimony might be received as competent and read on the hearing pursuant to the stipulation ; Burt having released the witness from all claim against him previous to his examination. The vice chancellor decided that Palmer was an incompetent witness for the defendant Burt, notwithstanding the release. He, therefore, denied the application and ordered the deposition to be suppressed with costs. From this decision the defendant Burt appealed.

The following opinion was delivered by the vice chancellor upon the application to suppress Palmer's deposition.

GRIDLEY, V. C. Palmer has suffered a decree pro con-

fesso ; and the first question is whether his deposition, taken under a stipulation on the 26th September, 1839, is competent for his co-defendants or one of them. The other defendants it seems had omitted to enter an order under the 73d rule, for the purpose of examining Palmer as a witness, and upon the day in question, the defendant Burt executed to Palmer, a release and thereupon claimed to examine him as a witness. A stipulation was then entered into by the solicitors of the respective parties that he might be examined *de bene esse,* but that his deposition should not be read on the hearing, unless the court should decide it to be competent, upon a special motion to be made and argued at the same time at which the cause should be heard. The motion and the cause have been argued together ; but it is necessary to dispose of the motion as a preliminary matter, for the reason that this deposition, if held to be competent testimony, would go far to defeat the complainant's right to relief. Palmer denies that there was any fraud or mistake in the case ; and states further that when Burt was about to purchase the bond and mortgage, the complainant was present, and on being questioned by Burt, gave him assurances that the securities would be paid. It seems to me very clear that so much of this deposition as relates to the assumed fraud or mistake, and which, if true, would go to discharge himself and Andrews as well as Burt, is inadmissible.

But it is argued by the counsel for Burt, that Burt having released Palmer, the latter has no interest in the matter relating to the assurance given to Burt, inasmuch as that constitutes a branch of the defence peculiar to Burt alone.

I have had some difficulty in coming to a conclusion upon this question ; the authorities upon it are to some extent in conflict with each other. The deposition of a defendant may be read in favor of his co-defendant, notwithstanding he is charged with combination, and is a particeps criminis, *provided no relief is prayed against him* ; and he is only contingently liable for costs. (2 *Cowen,* 139. 6 *John. Ch. Rep.* 212.) So too when distinct claims against

different persons or combined in the same bill, so that one defendant is not interested in the matter upon which relief is sought against another, a defendant may use the deposition of his co-defendant. And upon this it is said that a defendant may be a witness for a co-defendant when he is not interested in the matters upon which he is to be examined. (*Murray* v. *Shadwell*, 2 *Ves. & Beam.* 402.)

This, however, is a case where Palmer was the *actor* in the matters upon which relief is prayed for, where he is primarily liable to the complainant, and his own liability is fixed by a decree pro confesso ; and where Burt, who offers his deposition in evidence, is only liable through Palmer, and in consequence of his acts. I have found no case going the length of holding the deposition of a party thus circumstanced competent. The decision of Lord Hardwicke in *Dixon* v. *Parker*, (2 *Vesey, sen.* 219,) is directly against it. He says, " Considering the nature of the case, and that the only evidence of fraud and imposition, such as it is, is against the defendant Garland, it would be pretty wonderful if he could be read as a witness." He then goes into an elaborate examination of this question, and comes to the conclusion that a party who is interested in the cause, and is liable to have a decree against him, cannot be a witness, and when the defendant has examined witnesses ; thus showing that if he judges himself to have an interest in the cause, his deposition is incompetent. In the case of *Bridgman* v. *Green*, (*Idem* 629,) the Lord Chancellor holds the same doctrine, that where a defendant is *particeps fraudis*, and interested in the suit, he cannot be sworn as a witness. So too I understand Ch. Kent in *Whipple* v. *Lansing*, (3 *John. Ch. Rep.* 612.) I think the true construction of the rule which allows a defendant to be examined for a co-defendant upon matters in which he is not interested, does not embrace a case like this. The rule is applicable to cases where the original ground of relief against a defendant is different, and based upon a different state of facts from that which exists against the defendant who is sought to be used as a witness. A defendant

may in all cases suffer a decree pro confesso, and thus fix his own liability—and then assert that he is not interested in matters which go to charge the other defendants; he being liable at all events. But I cannot think the rule in question was ever intended to reach such cases. Nor do I think that the danger of receiving Palmer's evidence as to the original fraud, would be greater than that which relates to the alleged assurance of Holgate. (4 *John. Rep.* 293.)

I therefore suppress the deposition of Palmer, with costs of the motion.

*S. Beardsley*, for the appellant.

*A. Stewart*, for the respondent.

THE CHANCELLOR. The question whether the defendant Palmer is a competent witness for Andrews, who was jointly interested with him in the original contract at the time it was made, cannot arise on this appeal. No application has been made on his part to use the testimony; and there *is no privity between him and Burt*, so as to render him in any event personally liable to the latter. This appeal, therefore, is to be disposed of upon the questions arising between the witness and his co-defendant Burt; and in the same manner as if Andrews was not a party, and never had been entitled to any interest in the contract.

The authorities referred to by the respondent's counsel show, that where two defendants are charged jointly as parties to the same fraud, or contract, and the cause is to be heard on pleadings and proofs as to both, one cannot be examined as a witness in behalf of the other, as to the point of the defence in which they have such a common interest. And probably, in a mere matter of contract, where it was impossible that one could be charged if the other was not, the fact that one of them had suffered the bill to be taken as confessed would not render him a competent witness for the other. (*See Clason* v. *Morris*, 10 *John. Rep.* 534.)

It is very evident from the report of the case of *Dixon* v.

*Parker*, (2 *Ves. sen.* 220,) that cause was heard on pleadings and proofs as to Garland, the witness, as well as to the defendant Parker who sought to avail himself of the testimony. For Lord Hardwicke says in that case, " Garland has examined several witnesses, and so far has judged himself concerned in interest ; then it cannot be said he is not so." In the case of *Bridgeman* v. *Green*, (*Idem*, 627,) where the defendants were jointly charged as having been concerned in the same fraud, it is not distinctly stated that Lock the attorney had put in an answer denying the fraud. But it may fairly be inferred that such was the fact ; not only from the language of Lord Hardwicke, as to *the defendant's interest, but also from the practice of the* court of chancery in England at that time, in relation to the taking of bills *pro confesso;* as a bill could not then be taken as confessed upon a mere neglect of the defendant to appear. And in the case of *Whipple and wife* v. *Lansing & Van Rensselaer*, (3 *John. Ch. Rep.* 612,) it distinctly appears, from the report, that the witness, who was charged with fraudulently colluding with his co-defendant in the matter as to which it was sought to examine him, had joined with such co-defendant in his answer. In the case of *Lupton* v. *Lupton and others*, (2 *John. Ch. R.* 625,) the late Chancellor Kent decided, that a defendant who had suffered the bill to be taken as confessed, thereby admitting his own liability to the complainant, was a competent witness for his co-defendants ; although he would have been directly interested in the matters to which he was examined, if he had put in an answer setting up those matters as a defence to the claim against himself. And in the more recent case of *Bradley* v. *Root*, (5 *Paige's Rep.* 632,) this court held that the fact that a defendant had suffered the bill to be taken as confessed, and thereby rendered himself liable to the complainant at all events, took the case out of the general rule that a complainant, who examines one defendant as a witness against a co-defendant, cannot have a decree against the party thus examined, as to the matters of the suit to which his testimony relates.

In this case, the defendant Palmer, by suffering the bill to be taken as confessed, admits the fraudulent misrepresentation, and his own liability to make good the loss sustained thereby. And as he has transferred the bond and mortgage to Burt for a good consideration, as between him and Burt he is in equity primarily liable to make good the loss. For if there is a decree setting aside the bond and mortgage, as obtained from the complainant by fraud, it would be a matter of course to give to Burt a decree over against Palmer, for the amount of those securities, were it not for the release. As the case now stands, if the bond and mortgage are set aside, Palmer will only be liable to refund to the complainant the two first payments which were made upon the contract ; and will not be answerable to Burt for any thing. But if Burt succeeds in his defence, and retains his bond and mortgage as a valid security for the $4000 and interest, the complainant will be entitled to a personal decree against Palmer, not only for the two first payments, but for the amount of the bond and mortgage also. Instead, therefore, of being interested in sustaining the defence of the defendant Burt, if Palmer has any interest it is directly the other way. And it is not for the complainant to object that the witness is interested against the party calling him.

It is said, however, that the witness swears that he believes the note which he took up at the time of the assignment of the mortgage was not genuine ; and therefore, if Burt succeeds in his defence, the witness will have a claim against him for the amount. If that is so, his interest between the parties is balanced, as he would, in that event, have a claim against Burt for the same amount that the complainant would recover against himself. The short answer to this objection, however, is, that it appears from his testimony that the note which he took up was endorsed by two other persons, whose signatures he admits to be genuine. And as he says he took up the note believing his own name to be a forgery, and thereby deprived the holder of the claim which he then had upon the en-

dorsers of such note, no court would permit him afterwards to recover the money back which he had voluntarily paid to a bona fide holder of the note, under such circumstances ; unless Burt had agreed to refund it.

The defendant Palmer, therefore, was a competent witness, for his co-defendant Burt, as to the several matters to which he has been examined. The decision of the vice chancellor must consequently be reversed ; and an order must be entered, pursuant to the stipulation, declaring the deposition to be competent testimony in favor of the defendant Burt, and allowing it to be read on the hearing accordingly. Neither party is to have costs upon the appeal ; and the proceedings are to be remitted to the vice chancellor.