*Mann v. Cooper.*

--------

## Mann *vs.* Cooper and others.

A defendant who has put in his answer, setting up the defence of usury, cannot be made a competent witness for a co-defendant, to establish the alleged usury, by giving a stipulation abandoning his defence to the suit, and consenting that the bill may be taken as confessed against him, and that the complainant may take a decree against him for the amount he may prove to be due.

*It seems*, a defendant, after having put in his answer, has no right to abandon his

Mann v. Cooper.

defence for the purpose of rendering himself a competent witness for a co-defendant; without the consent of the complainant, and without obtaining the sanction of the court.

The proper course for the defendant, in such a case, is to apply to the court, upon notice to the complainant, for leave to withdraw his answer and be examined as a witness for his co-defendant.

The provisions of the revised statutes, giving jurisdiction to this court to make a personal decree against the mortgagor, or his surety, or other party who is personally liable for the debt, do not extend to cases where the complainant had no right to come into this court to foreclose the mortgage, as against the interest of any one in the mortgaged premises, or in any part thereof.

THIS was an appeal from an order of the vice chancellor of the seventh circuit, suppressing the deposition of W. H. Cooper, one of the defendants. The bill was filed to foreclose a bond and mortgage given by Cooper; and the defendant Deming, was made a party as a subsequent purchaser of the mortgaged premises. Cooper and Deming put in separate answers, setting up the defence that the bond and mortgage were void for usury. On filing an affidavit that Cooper had no interest in the matter, as to which he was to be examined, Deming obtained the usual order, under the provisions of the 73d rule, for leave to examine him as a witness, as to any matter as to which he was not interested, subject to all just exceptions. When Cooper was offered for examination to prove the alleged usury, it was objected that he was interested in that matter, and was therefore incompetent. He thereupon filed with the examiner a stipulation, signed by himself and his counsel, abandoning his defence to the suit; and consenting that the bill might be taken as confessed against him, and that upon the hearing of the cause the complainant might have a decree against him for the amount he might prove to be due upon the bond. And he was thereupon examined as a witness for Deming, to establish the alleged usury.

*M. T. Reynolds*, for the appellant.

*W. F. Allen*, for the respondent.

Mann *v.* Cooper.

THE CHANCELLOR. The vice chancellor is right in supposing that the proffered stipulation did not restore the competency of the witness. Even if Cooper could stipulate his answer off the files, without the consent of the complainant, and without the sanction of the court, the form of the stipulation appears to be objectionable. For it only authorizes the complainant to take a personal decree against him at the hearing, for the amount which he may prove to be due upon the bond ; and does not authorize a decree to be entered against him for the complainant's costs. Nor will the taking the bill as confessed against the mortgagor, for want of an answer, entitle the complainant, at the hearing, to a personal decree against him for the whole debt and costs ; where the bill is dismissed as to the whole of the mortgaged premises on the ground that the mortgage is void for usury. The provisions of the revised statutes which give jurisdiction to this court, to make a personal decree against the mortgagor, or his surety, or any other party who is personally liable for the debt, do not appear to- extend to a case where the complainant has no right to come into this court to foreclose the mortgage as against the interest of any one in the mortgaged premises, or any part thereof. (2 *R. S.* 191, § 158, 160.) In the case of *Post* v. *Dart and The Bank of Utica,* (8 *Paige's Rep.* 693,) the defendant who set up a defence to the suit, had only a lien upon the mortgaged premises, as a judgment creditor. And the dismissal of the bill against the bank would not have prevented a decree and sale of the interest of the mortgagor in the premises, subject to the lien of the judgment ; and a decree over against the mortgagor for the deficiency. And a similar decree for the deficiency could undoubtedly be made, within the spirit of the statutory provisions on this sub ject, where a part of the mortgaged premises *only* remained subject to the lien of the mortgage, at the time of the decree, so that a sale of that part might be decreed ; although the decree of sale could not extend to the whole of the premises embraced in the mortgage.

But even if a personal decree could have been made against Cooper, in this case, for any part of the debt due upon the bond,

Mann v. Cooper.

and for the costs of the complainant, in the suit, in case he had suffered the bill to be taken as confessed against him originally, the complainant was not bound to accept of a stipulation to have the defence of Cooper withdrawn; for the mere purpose of enabling another defendant to use Cooper as a witness, to defeat the claim of the complainant upon the mortgaged premises. If it was proper to permit the answer of Cooper to be withdrawn, to enable Deming to use him as a witness, the correct course was to make an application to the court for that purpose, upon due notice to the complainant. Then, if the court had permitted the answer to be withdrawn, it might have imposed such terms, as to the payment of costs which had been occasioned by such answer, or otherwise, as would be proper. And in case the defendants had made a slip, whereby the defence of usury could not be established without applying to the court for this favor, the favor itself might have been refused; except upon the equitable terms of Deming's offering to consent to a decree for what was actually due, with legal interest. Or if the complainant positively denied the alleged usury, upon oath, the court might have refused to interfere upon any terms, in that stage of the suit. The defendant Deming, who had obtained the order for the examination of Cooper, upon an improper affidavit that he had no interest in the question as to which he was to be examined as a witness, certainly had no right to take the decision of those important questions into his own hands; and to change the issue in the cause, as to Cooper, by a mere stipulation, filed in the examiner's office and served upon the counsel of the complainant.

The order appealed from is not erroneous; and it must be affirmed, with costs.