# SUPREME COURT

# SPECIAL TERM REPORTS.

---

## VOL. 3.   NO. 7.

---

### IN EQUITY.

#### JOHN JACOB ASTOR vs. DANIEL H. TURNER et al.

A mortgagee of leasehold estate for a term of years, may require the owner of the equity of redemption to pay an occupation rent, and the tenant in possession will be required to attorn to a receiver for that purpose, where the mortgagee is about to foreclose his mortgage, and alleges a scanty security on the mortgaged premises.

*New York Special Term, February* 14, 1848.—Turner, having a Trinity Church lease for 26 years, on certain premises in New York, executed a mortgage to the Plaintiff, and afterwards sold his equity of redemption, which, by sundry mesne conveyances, came to Deborah Kane, who died, and the premises came into the possession of her administrator, who was made a party to the suit. On affidavits that the premises were a scanty security for the debt, and that the mortgagor was insolvent, an application was made that the administrator, as the tenant in possession, should account to the mortgagee for the rents of the premises, or that he be made responsible for an occupation rent.

JONATHAN MILLER, *for Plff.*

C. V. S. KANE, *Adm'r contra.*

EDMONDS, Justice.—By the statute, (2 R. S. 82 § 6,) the estate of Mrs. Kane, which was a lease for years, passed to her administrator as assets, and he was properly, therefore, in possession as the owner of the equity of redemption. This is, therefore, an application to compel the owner of the equity of redemption, in possession, before foreclosure, to pay

an occupation rent for the premises. I had this question before me at the October Special Term, in the *Mechanics' Bank* v. *Parsons & Flower*, and I then held, in a case very like this, that the Defendant in possession should pay an occupation rent. There, as here, the mortgage was on the leasehold interest, and the Defendant in possession was an assignee of the lease. I have now taken occasion to review that decision, and see no reason for altering it. Two considerations influenced me. One was that the case was one where, if a tenant of the owner of the equity of redemption had been in possession, a receiver of the rents would be appointed of course; and I could see no good reason for adopting a different rule when the owner himself was in possession. The other was that the point had been distinctly ruled in the English Court of Chancery, upon principles equally applicable here. In *Reed* v. *Middleton*, 1 Turn. and Russ, 455, the Plaintiffs were mortgagees of a public house held by their debtor at a small ground-rent. He had assigned the lease, subject to the mortgage, and the assignee was in possession when the mortgagees filed their bill to foreclose, and moved that the Defendant in possession should attorn to the receiver, or that it be referred to set an occupation rent to be paid the receiver. The Lord Chancellor (Eldon) ordered accordingly. This course is peculiarly appropriate in the case of a mortgage on a leasehold interest, because, otherwise, the owner of the equity of redemption might, by protracting the litigation till the expiration of the term, render the security utterly valueless.

The motion must, therefore, be granted in this case as in that, that it be referred to appoint a receiver to whom the tenant in possession must attorn, and that the referre set an occupation rent, to be paid by the Defendant Kane, quarterly, from the service of the order.