Munson and Suiter agt. Hagerman and Hagerman.

## SUPREME COURT.

MUNSON AND SUITER agt. HAGERMAN AND HAGERMAN.

Where counsel on the trial, agree as to what is admitted by the pleadings in the cause, the judge does not look into them; but he assumes an uncontradicted statement of their contents to be true.

It is too late to question the truths of such a statement for the first time on the argument of the appeal.

Each of two defendants charged with a joint offence, can not be a witness for the other.

The first clause of section 397 of the Code, "A party may be examined on behalf of his coplaintiff or a codefendant, but the examination shall not be used on behalf of the party examined," was undoubtedly intended as a substitute for the practice of examining a party against either the plaintiff. or against a codefendant, as that practice was known and understood in the Court of Chancery.

*November General Term,* 1850. This action was brought to recover damages for the conversion of two canal boats. On the

trial of the cause the counsel of the plaintiffs after giving evidence of the ownership of the boats and of their value, stated to the court and jury, that it was admitted by the pleadings, that Cornelius Hagerman, one of the defendants had sold the two boats at public auction before the commencement of this action; and that Aaron Hagerman, the other defendant had bid them off; that the plaintiffs were present and forbade the sale, and that they had demanded of the defendants the delivery of the boats beore this suit was commenced, and that the defendants had refused to deliver the same on such demand. This statement was not in any respect denied by the counsel for the defendants.

The plaintiffs having rested their cause, the counsel for the defendants moved that the plaintiffs be nonsuited, and at all events, that Aaron Hagerman be discharged on the ground that there was no evidence against him. This motion was denied for the reason that the facts proved and admitted, showed a prima facie case against the defendants.

GEO. B. JUDD, *for Appellant.*

E. S. CAPRON, *for Respondent.*

GRIDLEY, Justice.—This decision it is now urged was erroneous because upon a more careful examination it is discovered that the alleged demand and refusal was not admitted by the pleadings. This objection comes too late. The admission was assumed by the court as true, without objection or dissent, on the part of the defendants' counsel. Had the objection been made on the trial, the counsel for the plaintiffs might have adduced proof of the facts; and had an objection been made to the introduction of the proof, an amendment of the pleading might have been allowed, or if necessary, for the advancement of justice, the cause might have been permitted to go over the circuit, in order that the new allegation might be answered, on the payment of costs. When the counsel agree as to what is admitted by the pleadings, the judge does not look into them; but he assumes an uncontradicted statement of their contents to be true. It is manifestly too late to question the truths of such a statement for the first time on the

Munson and Suiter agt. Hagerman and Hagerman.

argument of the appeal. An appeal only lies to correct some error *of law* committed at the circuit (*Code*, 348), and it is no error of law to receive a statement of facts, upon which both parties agree, as true. The defendants were charged in the complaint to have acted in concert, in depriving the plaintiffs of their property; and both were proved by the admission in question to have acted in concert in the disposition and withholding of the boats; Cornelius putting them up and selling them at auction, and Aaron bidding them off; and both refusing to deliver them on demand. That a joint action lies for such a cause see Sprague vs. Kneeland 12 *Wend. Rep.* 164.

At a subsequent stage of the trial Aaron Hagerman was called to the stand and offered as a witness, generally for his codefendant. He was objected to, on the ground that he was joined as a codefendant with Cornelius Hagerman, in whose behalf he was offered; that evidence had been given tending to show both defendants guilty, and that he was charged in the complaint with combining with his codefendant to convert the boats to their own use. The judge at the circuit refused to allow the party Aaron Hagerman to be sworn, to which ruling the defendants counsel objected; and that decision is relied on as a ground of error. This objection involves the construction of the first clause of the 397th section of the Code of Procedure. The clause reads as follows: " A party may be examined on behalf of his coplaintiff or codefendant, but the examination shall not be used on behalf of the party examined."

It is to be observed that the entire chapter of which this section is a part, is devoted to the examination of parties. The first section of this chapter (389) abolishes the " action for discovery," as it had prevailed in chancery up to that period. The next section (390) provides for the examination of a party at the instance of an *adverse* party. The succeeding sections, down to the 386th, were framed with the view of regulating the proceedings on an examination of parties. By the rules of practice in chancery there was a right not only to examine an *adverse* party but a defendant might be examined for a codefendant, at

29

Munson and Suiter agt. Hagerman and Hagerman.

his instance, under certain circumstances; and unless in the new system this right should be reserved, especially in case of an equitable character, the system would be defective. Accordingly we find this practice preserved in the section now under consideration. It should not be forgotten that all distinction between actions at law and suits in equity has been abolished; and that it was the manifest intent of the framers of the Code to preserve, substantially, under the new system, the benefits derived from the practice of examining parties in chancery, and that the chapter in which the section under consideration is found, is entirely devoted to that object; and it is, in my opinion, equally clear that the clause in question was intended as a substitute for the practice of examining a party against either the plaintiff or against a codefendant as that practice was known and understood in the Court of Chancery when the code was passed. A party might be examined in chancery as to matters in which he was *not* interested, subject to all just exceptions (see *Rule* 73 of the standing rules of 1844; 2d *Paige Rep.* 54, and 1st *Barb. Ch. Rep.* 585), merely being a party to the record unless interested was no objection to a witness in that court as it was in a court of law (Lupton vs. Lupton, 2 *J. Ch. Rep.* 625). Still it was an invariable rule that no party could be examined except as to matters in which he was not interested (*Rule* 73). In like manner the 399th section of the Code declares that " the last section (meaning the 398th, which provided that interest in the event of the suit should not disqualify a witness) *should not apply to a party to the action.*" Again, in chancery, a defendant charged in the bill of complaint with colluding with his codefendant in regard to transactions sought to be impeached can not be a witness for his codefendant, especially when he has an interest in the cause" (Whipple vs. Lansing, 3 *J. Ch. Rep.* 612). It is only when a decree pro confesso has passed against a party making him liable for debt and costs, that he can be examined for his codefendant (8 *Paige R.* 460). And in Mann vs. Cooper (1 *Barb. Ch. Rep.* 185), it was held that a party could not stipulate his answer off the files and consent to a decree against him and thus be examined for his codefendant.

Now this is a case where it was proved that both defendants had combined to deprive the plaintiffs of their property by a concert of action. It is true that in actions of tort, one may be convicted and another acquitted; and had Aaron Hagerman been offered to testify to a distinct matter in which he was not interested, he would have been admitted. But he was not. His evidence would have been as applicable to his own case and would have tended to defeat the action against himself equally as against his brother. Fraud is a tort; yet in chancery when a party is charged with colluding with his codefendant to defraud the complainant, he can not be sworn. But the broad language of the section (397) is relied on as indicative of an intention on the part of the Legislature to create a new rule by which defendants charged with a joint liability, whether it arise out of a tort or contract, may be respectively sworn for each other. I however, can see no reason for adopting a construction so alarming as that would be. We have the strongest reason for supposing that the legislature merely intended to adopt the rule as it prevailed in chancery, and enact it as a part of the statute law, applicable to cases arising under the Code.

In aid of this rational interpretation of a controverted provision of the Code, it is well worth while to refer to a salutary rule of construction. Whenever it is the intention of the legislature to adopt a well known principle of the common law, and to apply it to a new class of cases; or whenever it is the intention of the law makers to incorporate a former provision of the statute in the revision of the laws; a mere change in phraseology will not work a change in the construction of the provision in question (2 *Hill*, 380; 21 *Wend*. 316, 319; 2 *Caine's Cases in Error*, 150; 4 *J. Rep.* 317, 359). In several of these cases, especially in that of the 21st of Wendell, the language used in the provision of the statute, to be construed, departs more widely from the old enactment than does the language of the 397th section of the statute from the well known chancery rule.

Chief Justice Marshall says, in the United States vs. Fisher, (2 *Cranch*, 358), "Where rights are infringed, where fundamental

principles are overthrown, where the general system of the laws is departed from, the legislative intention must be expressed with irresistible clearness to induce a court of justice to suppose a design to effect such objects." I know of no more fundamental principle than that which forbids a man to be a witness in his own cause; or what is substantially the same thing, that each of two defendants charged with a joint offence, shall be a witness for the other, and mutually swear each other clear. We are not, however, under the necessity of invoking so bold a principle; for we think the interpretation we have given to the portion of the section under consideration is, when its connexion with the residue of the chapter is considered, and the rule as it formerly prevailed in chancery is remembered, exceedingly natural and obvious.

---

## SUPREME COURT.