# SUPREME COURT.

The Wall Street Fire Insurance Company of the City of New York agt. John W. Loud and others.

A *mortgagor*, who has sold and conveyed the premises subject to the mortgage, is not in a position to oppose the appointment of a *receiver*, for the protection of the property to other creditors.

What acts of neglect of mortgaged premises, connected with the probable insolvency of the mortgagor, sufficient to authorize the appointment of a *receiver*.

*Kings Special Term, March,* 1860.

Motion for the appointment of a receiver.

Woodford & Ritch, *for plaintiffs.*

D. J. Lyons, *for defendant.*

Wall Street Fire Insurance Co. agt. Loud.

LOTT, Justice.   The fact that the taxes are suffered to remain unpaid; that a sale for the non-payment of those of the year 1856 has been made; that the insurance of the buildings is neglected, and that the liability of the machinery (constituting a large portion of the value of the property,) to the operation of the mortgage is contested, in connection with the embarrassments, and, I think, the insolvency of the mortgagor (when it is considered that in speaking of his debts he denies his liability for a large amount of the mortgage debt,) presents a strong ground for the appointment of a receiver, especially, when it is stated by the mortgagor that the excess which will be realized on a sale of the property, over and above the debt, is only $3,000, even upon his estimate of its value.

I will add, that the mortgagor, Loud, having sold and conveyed the premises, subject to the mortgage, is not in a position to oppose the appointment of a receiver.   He has no interest in the rents and profits, nor to the possession of the premises, and it is, at least, questionable whether his grantee, after assuming the payment of the mortgage, can deny its validity.   At all events, as the case is now presented, he does not set up any defence to the plaintiffs' claim.   Motion granted; and it is referred to William A. Greene, Esq., to appoint such receiver, and take the requisite security.   $10 costs of the motion to abide the event.

—————

The following communication sufficiently explains itself:

"N. Y., Dec. 17, 1860.

My Dear Sir: I acknowledge writing an opinion in the case of *Fox* agt. *Lewis*, decided at our general term in October last, but deny that it in any sense resembles the one you have attributed to me at page 561, vol. 19 of your Practice Reports.

I will, therefore, feel obliged if you will announce in your next number that the opinion you have published was never rendered by the court.

Very respectfully yours,

HENRY HILTON.

N. HOWARD, Jr., Esq."

[NOTE.—Not having been favored with any other opinion, the profession have the same light, as to the errors that we have.—REP.]