WILLIAM H. SMITH AND OTHERS, RESPONDENTS, *v.* THOMAS KELLEY, APPELLANT, IMPLEADED, ETC.

*Receiver of rents and profits — when appointed in an action to foreclose a contract for the sale of land.*

In an action, brought by a vendor against his vendees, and a person who has purchased from the latter their interest in one-half of the premises, to foreclose the original contract for the sale of the land upon the failure of the vendees to pay the amount due, the court may, in its discretion, appoint a receiver of the rents and profits during the pendency of the action, where it appears that the whole of the premises are an inadequate security for the amount remaining due upon the contract, and where it appears that the premises are chiefly valuable for use during the continuance of the oil business, and that they are rapidly depreciating in value by reason of the fact that the oil business is rapidly decreasing at that point.

APPEAL from an order, made at the Erie Special Term, appointing a receiver.

The action was brought for a foreclosure of a contract for the sale and purchase of land against the original vendees Canfield and Pemberton, and against Thomas Kelley, who purchased from them their interest in one-half of the premises and made certain improvements thereon. Kelley was the only defendant who answered, setting up the facts of his purchase from the original vendees and his improvements, and asking that his part of the property should not be resorted to except, in the case, that the proceeds of the sale of the other part should be found insufficient to pay the plaintiffs' debt.

Affidavits were produced at the Special Term tending to establish that the whole premises are inadequate as security for the payment of the amount remaining due upon the original contract of sale, that the original vendees are insolvent and that the premises are chiefly valuable for use during the continuance of the oil business, and are rapidly depreciating in value by reason of the fact that the oil business at the said point is rapidly decreasing.

*D. H. Bolles & Son,* for the appellant.

*Cary & Rumsey,* for the respondents.

HARDIN, J.:

From the papers used at the Special Term it appears that the legal title to the premises in question was at the time of making

the contract of sale, and has ever since remained, in the plaintiffs. Seven hundred and fifty dollars and interest became due on the contract on the 24th of September, 1882, and has not been paid. At the time of the commencement of this action the plaintiffs were entitled to the possession of the premises by reason of that default, and to maintain ejectment therefor, and the defendants were not entitled to notice to quit. (*Hotaling* v. *Hotaling*, 47 Barb., 168; *Jackson* v. *Miller*, 7 Cow., 747; *Pierce* v. *Tuttle*, 53 Barb., 155.) If this action were to foreclose a mortgage held by the plaintiffs upon the premises, it is clear that the facts shown upon the motion presented a proper case for the appointment of a receiver. (*Astor* v. *Turner*, 2 Barb., 444; *Mutual Life Ins. Co.* v. *Spicer*, 12 Hun, 117; *Howell* v. *Ripley*, 10 Paige, 43; *Quincy* v *Cheeseman*, 4 Sandf., 405; *Wall Street Fire Ins. Co.* v. *Loud*, 20 How. Pr., 95.) There was no offer at the Special Term or upon the argument before us by Kelley to give security for the rents and profits in case there should be a deficiency in the sale of the premises under the decree, nor to pay into court or to the plaintiffs the amount which Kelley undertook to and agreed to pay for a portion of the premises.

The appellant does not, therefore, bring his case within the exceptions to the general rule in respect to the appointment of a receiver, where the mortgaged premises are inadequate and the party liable to pay the debt is insolvent. (*The Sea Ins. Co.* v. *Stebbins*, 8 Paige, 465.) The same case is authority for saying that Kelley was a proper and necessary party defendant. But it is insisted that the equities of Kelley are superior to those of the plaintiff, and that he has a right to the possession of the premises and to the rents and profits of the same during the pendency of this action, because he purchased a portion of the premises of the original vendees and made certain expenditures and improvements thereupon.

We think, however, that the plaintiffs holding the legal title to the premises have the superior equity in the rents and profits of the premises. Whatever interest or rights the defendant Kelley has in the premises were acquired of the vendees, and are subsequent to and subordinate to the superior and legal title and equity of the plaintiffs. The plaintiffs have an equity which they have

in no manner forfeited. They are seeking to foreclose a land contract and have the premises sold and the contract debt paid, and until the debt is paid they should be permitted to have the rents and profits placed in the hands of a receiver to await the event of the sale. If a deficiency arises out of the sale, the rents and profits will then be available to discharge the deficiency. If, on the other hand, no deficiency arises at the sale, the defendant Kelley will be entitled to a return of the rents and profits accruing from that portion of the premises to which he is entitled to possession as between himself and his vendors, Canfield and Pemberton.

In the case in hand the plaintiffs right to the rents and profits arises from the circumstance that they have the title to the premises, as well as out of the equitable consideration arising from the personal relation of the parties to the property. The application for the appointment of a receiver was addressed to the equitable discretion of the court. That discretion has been exercised in favor of the sequestration of the rent and profits for the better protection of the plaintiffs. We are not prepared to say that discretion was abused, nor that it was not exercised in accordance with the precedents. The case of *Syracuse City Bank* v. *Tallman* (31 Barb., 201) differs from the one in hand. There a third person took, for a valuable consideration, an assignment of the rents of the mortgaged premises before a default had occurred in the payment of the mortgage debt, and before there was any reason to anticipate that the mortgagor would become insolvent. And it was held that the equity of the assignee was superior to that of the mortgagee, and it was held that the assignee was entitled to hold the rent that accrued before the commencement of the suit. Here the rights of Kelley were taken subject to and with the full actual knowledge of the rights of the plaintiffs. His right to possession arises under an assignment of an interest in the contract which the plaintiffs are seeking to foreclose. We think the Special Term violated no rule of law or equity in appointing a receiver upon the case made.

The order should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.