BROWNING et al. v. STACEY et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

SECOND MORTGAGE—FORECLOSURE—VALUE OF SECURITY—RECEIVER.

In an action to foreclose a second mortgage, a receiver should be appointed on the application of plaintiff where it appears, from the evidence offered as to the value of the property, that it is doubtful whether it will bring more than enough to pay the first mortgage and the taxes.

Appeal from special term, New York county.

Foreclosure of a second mortgage by William C. Browning and others against Henry B. Stacey and others. From an order denying plaintiffs' motion for a receiver, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

Clarence E. Thornall, for appellants.

A. Prentice, for respondent Michael.

RUMSEY, J. The undisputed facts are that this action is brought to foreclose a second mortgage for $4,800; that the first mortgage amounts to $21,000; that the interest thereon has not been paid since July 1, 1899, and an action is now pending for the foreclosure of that mortgage for the nonpayment of interest; that there are unpaid taxes upon the premises amounting to $375, with interest. So that the whole amount owed, including the plaintiffs' claim, the first mortgage, the taxes, and the costs and expenses of the foreclosure of both mortgages, will amount to about $28,000. There are also other mortgages upon the premises subsequent to the plaintiffs'. The value of the premises is in dispute. It is shown by the affidavits presented on the part of the plaintiffs to be worth not over $24,000, while by the witnesses produced on the part of the defendants its value is placed at from $31,000 to $34,000. It appears that a short time ago the property was sold for $21,000. The rents are about $31,000 at the outside. Upon the whole case, I am inclined to think that it is very doubtful whether the premises upon the sale will bring more than the amount of the incumbrances and the taxes which are prior to the plaintiffs' lien, and the costs and expenses of the foreclosure; and I see no reason, under the circumstances, why the plaintiffs should not have had a receiver, as they ask. The case is within the case of Fletcher v. Krupp, 35 App. Div. 587, 55 N. Y. Supp. 146.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.