### BROWNING v. SIRE et al.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. MORTGAGES—APPOINTMENT OF RECEIVER—STIPULATION—EVIDENCE.

    A second mortgage contained the provision that on a default by the mortgagor, and on the commencement of foreclosure proceedings, the mortgagee should be entitled to the appointment of a receiver for the rents and profits, without regard to the value of the property. The first mortgage was for the sum of $125,000, and the total incumbrance was $141,000. Plaintiff introduced evidence that the property would not sell for over $135,000 at foreclosure sale, but defendant's witnesses testified that it was worth a much greater sum, but their estimates were not based on a forced sale. Defendant failed to pay interest and taxes, though he received the income from the property. *Held*, that it was error to refuse to appoint a receiver, since the proof, in connection with the agreement for a receiver, was sufficient to authorize such appointment.

2. SAME—APPLICATION FOR RECEIVER—ALLEGATION OF INSOLVENCY.

    Where a mortgage authorizes the appointment of a receiver for the rents and profits on the mortgagor's default and on the commencement of foreclosure proceedings, the failure to allege that the mortgagor is insolvent, in the application for a receiver, which shows that the property is a doubtful security, and that the mortgagor has defaulted in interest and taxes and has appropriated the income of the property to his own use, is not sufficient to warrant a refusal of the application, where the mortgagor does not allege his solvency in his affidavit in opposition to the application.

    Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by Edward F. Browning against Albert I. Sire and others to foreclose a mortgage. From an order denying a motion to appoint a receiver, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William H. Stockwell, for appellant.

Albert I. Sire, for respondents.

INGRAHAM, J. This action was brought to foreclose a mortgage executed by the defendant Buckley to the defendant Sire, and by Sire assigned to the plaintiff. This mortgage contained a clause by which the mortgagor agreed that the mortgagee should be at liberty, immediately after any default, upon a complaint filed, or any other proper legal proceedings commenced for the foreclosure of the mortgage, to apply for, and be entitled, as a matter of right, and without regard to the value of the premises described, or the solvency or insolvency of the party of the first part or of any owner of said premises, and on 10 days' notice to the party of the first part (mortgagor), his heirs or assigns, to the appointment of a receiver of the rents, issues, and profits of said premises. It appeared from the motion papers that there was a prior mortgage of $125,000 on the premises, the interest on which became due July 1, 1900; that such interest is unpaid; and that the first mortgagee had instructed his attorneys to commence proceedings for the foreclosure of this prior mortgage. The taxes for the years 1899 and 1900, aggregating about $6,000, are also unpaid; the total amount of the incumbrances on the property, including the mortgage in suit, amounting to about $141,000. There was also submitted the evidence of several real-estate experts, who testified that in their opinion the mortgaged premises would not sell for more than one hundred and twenty-five to one hundred and thirty-five thousand dollars, if sold under a decree of foreclosure. The defendants interposed answers, alleging that the mortgage was void for usury, and opposed the application for a receiver, alleging the property to be worth upwards of $200,000. The appraisement as to the value of this property was estimated upon a gross rental of $18,000, though the evidence is that the actual rental is about $16,000. The affidavits submitted on behalf of the defendants fixed the value of the property in the neighborhood of $100,000, and the value of the land about $115,000. There were also annexed to these affidavits certain unverified appraisements of the property by real-estate appraisers, appraising it in the neighborhood of $225,000. Upon this evidence the court below denied the motion, and from the order denying the motion the plaintiff appeals.

An examination of the affidavits submitted by the defendants indicates that the value of this property was not fixed at the actual selling price, but at its value when sold under the most favorable conditions, and as the basis of obtaining a loan upon the property. The owners of this property have agreed in the mortgage that upon default of the payment of the interest, and the commencement of the action to foreclose the mortgage, the mortgagee should have the right to have a receiver of the rents of the property appointed as

a matter of course, without proof of the insufficiency of the property as security or of the responsibility of the bondsman. While it is well settled that the court will not specifically enforce such an agreement, without evidence of its necessity to protect the plaintiff, still, where such an agreement exists, the court does not require that the proof should be quite up to the standard that would be required in a case where no such agreement has been made. These mortgagors have, in effect, stipulated that, if they failed to pay the interest on this mortgage, the rents, pending the necessary proceedings to realize upon the mortgage, should be sequestrated to add to the mortgagor's security. These defendants have received the rents of these premises, but, instead of applying them to the interest upon the prior mortgage and to the taxes, they have allowed both to become in arrears; the taxes being unpaid for the two past years. That they desired to continue thus in possession of the property, collecting the rents and refusing to discharge the accruing interest and taxes, would seem somewhat inconsistent with a real belief in the value of the property, and that they would be enabled to or desired to retain title to it. But what the parties to this mortgage have agreed to is that these rents should be held as additional security for the protection of the plaintiff's mortgage; and in such a case as this, where there is a second mortgage upon property that is being foreclosed, where the interest on the prior mortgage is in arrears, so that that mortgage has now become due and is about to be foreclosed, and where the mortgagors and owners of the property refused to apply the rents to the payment of the interest or taxes, but appropriated them to their own use, we think that the evidence presented to the court below justified the appointment of a receiver. The defendants here have interposed an answer to the plaintiff's mortgage. When the first mortgage comes to be foreclosed, if no answer is interposed, a decree of sale can be obtained in that action before a sale can be decreed in this; and thus to protect his mortgage the plaintiff will have to pay the amount of the first mortgage, with all interest, taxes, and costs, and this because of the failure of the defendants to apply the rents of the property to the payment of the interest upon the first mortgage. Irrespective of the value of the property, the plaintiff is placed by the action of the defendants in a position which would require him to raise $140,000 in order to protect his mortgage. No excuse is offered by the defendants for their refusing to pay this interest upon the first mortgage, and their refusing to pay that interest in itself would, it seems to me, go far to justify the court in finding that as a matter of fact this property is not of such a value as to make it a safe security for the amount of the incumbrances upon it. It is true, there is no allegation in the moving papers as to the solvency or insolvency of the bondsman, but the mortgagor is careful to avoid any statement as to his solvency in his affidavit in opposition to the motion. I do not think that, in view of the express stipulation of the mortgagor as contained in the mortgage, such proof is essential. The plaintiff loaned his money, relying upon the security of the real property, and not upon the personal obligation of the bondsman; and where it appears that the mort-

gagor has made such an agreement as to a receiver, and has applied the rents of the property to his own use, and failed to pay the taxes and interest on prior incumbrances, and that the property is of doubtful security, he should show that the bondsmen are responsible, so that there is no reasonable doubt but that the mortgagor will be protected.

I think the order should be reversed, with $10 costs and disbursements, and the motion for the appointment of a receiver granted, with $10 costs. All concur, except VAN BRUNT, P. J., and RUMSEY, J., who dissent.