WELCHE v. SCHOENBERG et al.

(Supreme Court, Special Term, New York County.   October, 1904.)

1. MORTGAGE—FORECLOSURE—SALE—TITLE ACQUIRED.
    A judgment of foreclosure provided that the property should be sold subject to a prior mortgage, and the advertisement of sale and the terms of sale referred to such mortgage.   *Held*, that a purchaser at oreclosure was estopped to assert the invalidity of the mortgage, though the deed executed to him did not mention the same, but simply stated that the premises were sold subject to all liens thereon.

2. SAME—RECEIVER—APPOINTMENT.
    In foreclosure, where the mortgage does not contain a receiver clause, one will not be appointed of the rents and profits pendente lite unless it is shown that the mortgagor cannot meet any deficiency judgment, and that the property is not worth the amount of the incumbrance.

Action by Margaret Welche against Rosalie Schoenberg and others. Motion for receiver of rents and profits pendente lite.   Granted.

Coudert Bros., for the motion.
Myers & Goldsmith, opposed.

GILDERSLEEVE, J.   The facts in this case have been substantially stated in the memorandum handed down this day in the case of N. Y. Security & Trust Co. against Schoenberg, with the exception that subsequent to the making of the plaintiff's mortgage the said Rosalie Schoenberg made another mortgage on the Ninth ·street house, in which two of the four remaindermen joined.   The said mortgage was foreclosed in an action wherein all of the four remaindermen were made parties defendant, and the property was bought in by the defendant Osterman, subject, as stated in the deed, "to all liens that are now thereon."   The said defendant Osterman swears that he purchased the property with the understanding that it was subject only to valid liens, and he claims that he is not estopped from contesting the validity or scope of the plaintiff's mortgage.   The said Osterman claims to own the entire fee, having got releases from the two remaindermen who had not joined in the mortgage, upon the foreclosure of which Osterman bought the property.   The judgment of foreclosure recited that the property was to be sold "subject to a prior mortgage of $18,000 and interest and costs accrued by the foreclosure of such mortgage, and subject to all taxes, assessments and liens due, if any."   The only prior mortgage on said property was that of the plaintiff herein.   The memorandum of purchase signed by Osterman at the foot of the terms of sale is worded thus:   "I have this 22d day of November, 1899, purchased the premises described in the annexed printed advertisement of sale for the sum of $100."   The said advertisement of sale, as well as the terms of sale, refers to the property as being sold subject to a prior mortgage of $18,000, with accrued interest and foreclosure costs.   The,

¶ 2. See Mortgages, vol. 35, Cent. Dig. §§ 1374, 1375.

deed, however, did not particularly mention the said mortgage, but merely stated, as we have seen, that the premises were conveyed "subject to all liens that are now thereon." It seems to me that Osterman, with the advertisement of sale and terms of sale before him, must have known that he was paying the nominal sum of $100 for property worth many thousand dollars, for the reason that the assumption of this mortgage of $18,000, with accrued interest and foreclosure costs, was part of the purchase price. He must have recognized this mortgage as a valid and subsisting incumbrance, and bought the property subject thereto, and partly in consideration thereof, and therefore he is estopped from now questioning the validity of the said incumbrance. See Cottle v. County of Erie, 57 App. Div. 443, 448, 67 N. Y. Supp. 996, affirmed without opinion in 173 N. Y. 591, 65 N. E. 1115; Freeman v. Auld, 44 N. Y. 53. The case at bar differs from that of Purdy v. Coar, 109 N. Y. 448, 17 N. E. 352, 4 Am. St. Rep. 491, inasmuch as there was no mention in the last-named case either in the deed or otherwise, of the invalid mortgage, whereas in the case at bar, as we have seen, the $18,000 prior mortgage was particularly mentioned in the judgment of foreclosure, in the advertisement of sale, and in the terms of sale, while the price paid by Osterman is an additional fact tending to show his admission of the validity and lien of the outstanding incumbrance.

Having arrived at the foregoing conclusion, we must now consider the question of the sufficiency of the security. There is no receivership clause in the mortgage, and a receiver pendente lite should not be appointed unless it clearly appears that the mortgagor liable on the bond, Mrs. Schoenberg, is unable to meet any deficiency judgment, and that the property itself is not worth the amount of the incumbrance. It is apparently undisputed that the mortgagor is insolvent, while as to the insufficiency of the security there seems to be no doubt under the evidence presented. The property was valued for purposes of taxation at $24,000. An expert in 1904 estimated its value at $25,000. It actually sold in the abortive foreclosure suit for $27,000. This is all the evidence as to value that we have on this motion. The mortgage, with accrued interest, foreclosure costs, and taxes, amounts to $27,-480.96, according to the plaintiff's estimate, which does not seem to be disputed. Thus we see that the incumbrance exceeds by several hundred dollars the highest valuation of the property suggested by the proofs on this motion. For the reasons above stated, I am of opinion that this application for the appointment of a receiver of the rents and profits pendente lite should be granted.

Motion granted.