(121 App. Div. 609.)

PIZER v. HERZIG et al.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

MORTGAGES—FORECLOSURE—RECEIVERS.

A mortgage provided that on default, or if foreclosure proceedings were commenced, the mortgagees should be entitled as of right to the appointment of a receiver of the rents and profits, who should apply the residue thereof, after paying charges, to the satisfaction of the mortgage, etc. *Held*, that though the provision authorizing a receiver, regardless of the mortgagor's solvency, was not conclusive on a court of equity, the mortgagor having specifically pledged the rents and profits, the mortgagee was entitled to a receiver, without proof of the mortgagor's insolvency; there being evidence of waste and depreciation sufficient to raise a doubt as to the sufficiency of the security.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1375.]

Appeal from Special Term.

Action by Leon Pizer against George W. Herzig and others. From an order denying a motion for the appointment of a receiver of the rents and profits of real estate during the pendency of an action to foreclose a mortgage, plaintiff appeals. Reversed, and motion granted.

See 105 N. Y. Supp. 58.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Max Schleimer, for appellant.
Irving L. Ernst, for respondents.

PER CURIAM. This action was brought to foreclose a purchase-money second mortgage on premises on Madison avenue, near 114th street, in the city of New York. The mortgage provided, among other things, that if default be made in the payment of any interest or installments, or in any of the conditions of the said bond and mortgage, upon a complaint filed or any other legal proceedings commenced for the foreclosure of the mortgage, the mortgagees or their legal representatives or assigns shall be entitled as a matter of right and without regard to the value of the premises above described, or the solvency or insolvency of the mortgagor, or of any owner of said premises, and without notice to the mortgagor, his heirs or assigns, to the appointment by any competent court or tribunal of a receiver of the rents, is-

sues, and profits of said premises, with the power to lease said premises for a term to be approved of by the court, with power to pay taxes, assessments, and water rents, which may become liens on said premises, and keep the same insured, and with power to take proceedings to dispossess tenants and make all necessary repairs, and with such other powers as may be deemed necessary, and, after deducting all charges and expenses attending the execution of the said trust as receiver, "the receiver shall apply the residue of the said rents and profits to the payment and satisfaction of this mortgage and the bond accompanying the same, or to any deficiency which may arise after applying the proceeds of the said sale of premises to the amount due, including interest and costs and expenses of the foreclosure sale."

The motion for the receiver herein was based on the ground that the mortgagor agreed that the rents, issues, and profits should be added to the mortgagee's security; that the said defendant is committing a waste upon the premises; and that the premises have depreciated in value. While the provision in a mortgage that a mortgagee shall be entitled as a matter of right, and without regard to the value of the premises or the solvency or insolvency of the mortgagor, to the appointment of a receiver, is not conclusive upon a court of equity, yet this contract of the parties is to be considered when the court is asked, in the exercise of its discretion, to appoint a receiver. When, in addition thereto, the mortgagor has specifically pledged the rents and profits, there is respectable authority to the effect that the mortgagee is entitled to such receiver, without proof of the insolvency of the mortgagor and inadequacy of the security. In the case at bar, the mortgage contained each of the said provisions, and there was sufficient proof in the papers submitted to raise a serious doubt as to the sufficiency of the security.

We think the learned court at Special Term improperly exercised its discretion in denying the motion for the appointment of a receiver, and that, therefore, the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.