JACOB A. SUSSMAN, Plaintiff, *v.* LAKESITE HOTEL CORPORATION and Others, Defendants.

County Court, Sullivan County, November 17, 1932.

*Harry C. Resnick,* for the plaintiff.

*Baker & Oppenheim,* for defendant Lakesite Hotel Corporation.

COOKE, J. Application is made to vacate and set aside an order granted October 5, 1932, appointing a receiver in this mortgage foreclosure.

Certain facts are undisputed. This is a second mortgage of $27,000, subject to a first mortgage of $50,000, both owned by plaintiff. Payments were not made on these mortgages in August, 1932, according to their terms. It is claimed on the part of defendant that the time for making these payments was extended for the year of 1932 under some oral arrangement between the parties, which oral arrangement is denied by plaintiff. These mortgages are upon a summer boarding house property. The receiver was appointed under section 975 of the Civil Practice Act without notice to the defendant. While this court, as a rule, does not favor the appointment of receivers without notice, the matter now comes before it upon the contentions of both parties. $77,000 is a large sum of money. Its payment is secured by these mortgages on this property. The affidavits disclose that this defendant is in arrears in the payment of its bills. Besides the principal, there is interest unpaid, some unpaid taxes and insurance premiums. As to the value of these premises, there is considerable difference in the opinions of those whose affidavits are presented. It is a matter of common knowledge, however, that this class of property in this county has depreciated in value in the last few years. Several persons have sworn that the value of this property is from $40,000 to $50,000. Affidavits submitted by defendant fix its value at $90,000. There seems to be a wide difference of opinion as to its present value. It is, therefore, questionable whether the premises will be sufficient to pay the mortgage debt. It seems to be quite the general rule that a receiver is appointed of the rents and profits of the mortgaged premises when the whole amount secured is due and it is made to appear that the proceeds of the sale will probably be insufficient to satisfy the debt secured, that the property is depreciating in value, and that the mortgagor or other party personally liable for the mortgage debt would be unable to pay a deficiency, if one should exist.

In Wait's New York Practice ([3d ed.] vol. 2, p. 526) we find: " Mortgagors and mortgagees. In an action to foreclose a mortgage, where the mortgagor or his assignee is in possession, and where the mortgagor is insolvent and the security scanty, the court may order a receiver of the rents and profits. (*Astor* v. *Turner,* 2 Barb.

444, s. c. 3 How. 225; *Sea Insurance Co.* v. *Stebbins*, 8 Paige, 565, 568.) So, where a mortgagee in possession is irresponsible, and the rents and profits are in danger of being lost, or where the mortgagee is committing waste upon or materially injuring the mortgaged premises, a receiver may be appointed. (*Bolles* v. *Duff*, 35 How. 481.)

" These same rules apply to an action to foreclose a second mortgage. (*Browning* v. *Stacey*, 52 App. Div. 626.)

" But it has been said that in the absence of a receiver clause in the mortgage, a receiver *pendente lite* should not be appointed unless it clearly appears that the mortgagor is not able to meet a deficiency judgment and that the property itself is not worth the amount of the incumbrances on it. (*Welche* v. *Schoenberg*, 45 Misc. 126; *Rabinowitz* v. *Power*, 131 App. Div. 892.)

" In a great many mortgages there is inserted a clause giving the holder the right to the appointment of a receiver, regardless of whether or not the security is adequate. If such a clause is contained in the mortgage, the plaintiff in a foreclosure action is entitled to the appointment of a receiver irrespective of the value of the property. (*Browning* v. *Sire*, 56 App. Div. 399.) It would seem under the authorities though that this right is not an absolute one and if it appears that the value of the property is sufficient to satisfy the debt and that the person liable on the bond is entirely solvent, ordinarily no receiver will be appointed. The courts have gone so far as to hold that the appointment of a receiver even where there is a receiver clause in the mortgage is discretionary with the court. (*N. Y. Bldg. & Loan Banking Co.* v. *Begly*, 75 App. Div. 308; *Thomas* v. *Davis*, 90 id. 1; *Baier* v. *Kelley*, 55 Misc. 368; *United States Life Insurance Co.* v. *Ettinger*, 32 id. 378.) On the other hand, it has been held that on the application for a receiver it is not necessary to show the insolvency of the defendant, or those liable on the bond. (*Browning* v. *Sire, supra; Pizer* v. *Herzig*, 121 App. Div. 609.) "

The affidavit of Mr. Porter shows: " That I am the President of the South Fallsburg National Bank, and am also engaged in the real estate business. I have been a real estate broker in the past for a number of years.

" That I am thoroughly familiar with property and their value at South Fallsburg and in the Town of Fallsburg, New York. I have bought and sold properties in and about the Village of South Fallsburg, and in the Town of Fallsburgh.

" That I am familiar with the Lakesite Hotel property, and have known this property for many many years. That in my opinion the

said property might have an estimated value in the sum of $70,000 for the holder of this property, but that in a forced sale or in a foreclosure sale the said property may bring in between $40,000 to $50,000, and it is very doubtful whether a customer can be found to pay that amount of cash at the present time."

Motion denied.