## RIDDLE v. MOSS.

*Present....All the Judges.*

The principal obligor in a bond is not a competent witness for the surety, in an action upon the bond; the principal being liable to the surety for costs in case the judgment should be against him.

ERROR to the Circuit Court for the district of Columbia.

This was an action of debt on a joint bond given by *John Welch* as principal obligor and the Defendant *Moss* as his surety. The suit abated as to *Welch* by the return of the marshal, that he was no inhabitant of the district. The Defendant, *Moss,* pleaded specially certain facts in avoidance of the bond as to him alone; upon which issue was joined; and upon the, trial the Defendant, *Moss,* offered, as a witness, the said John Welch the principal obligor who was permitted by the Court below to testify for the Defendant, and upon his cross examination confessed that he had made over to Moss all his property as security to indemnify him against the event of this suit.

The Plaintiff took a bill of exceptions, and the verdict and judgment being against him, brought his writ of error to this Court.

E. I. LEE and JONES, *for the Plaintiff in error.*

Welch was clearly an interested witness. By relieving Moss from this suit, he would relieve his property from the *lien* which Moss held upon it. If the Plaintiff recovered against Moss, the latter could immediately recover judgment against *Welch* for the whole debt, together with the costs of *this suit. Laws of Virg. Rev. Code.* 292.—5. *T. R.* 578, *Buckland. v. Tankard.*—*Bull. N. P.* 283—5. *Bur.* 2727.—3. *Atk.* 402.—*Day.* 81.

Welch is also interested to the amount of his legal fees for attendance as a witness. It appears upon the record that he was regularly summoned and is by law entitled to demand of Moss one dollar and a quarter per diem. If the Plaintiff should be defeated he will retain this to his own use, but if the Plaintiff should recover judgment he will have to refund it to Moss.

RIDDLE
*v.*
MOSS.

C. LEE, *contra.*

The Defence set up by Moss did not affect Welch's liability upon the bond. He was bound at all events. He was not a party to this suit. Neither the verdict nor judgment could affect him. He would be obliged to pay either Riddle or Moss and it was immaterial to him which of them should recover against him. If the Plaintiff should be defeated by Moss, he would sue Welch and recover judgment *with costs*—so that it was immaterial to him whether he paid costs to one or the other. He therefore stood indifferent as to interest. In chancery one Defendant is a good witness for another, and it would be as good a rule at law.

Courts of law have, of late, inclined to refer all cases of doubtful interest, to the credibility, rather than to the competency of the witness. The interest should be immediate and direct, in order to exclude the witness. 3. *Esp. Rep.* 60.

The statute of Virginia which gives to a surety, a remedy against his principal does not alter the case. He had an equal remedy before.

In the case of *Pawling v. The United States*, 4 *Cranch*, 219, the point was made by a bill of exceptions to the refusal of the district court of Kentucky to admit a co-obligor as a witness, but was not decided; the judgment having been reserved upon other grounds.

*March 10th.....All the Judges being present.*

MARSHALL, *Ch. J.* delivered the opinion of the Court to the following effect.

The Court is of opinion that Welch, the co-obligor, was interested, and was therefore an incompetent wit-

RIDDLE
v.
MOSS.

ness. It was a consideration of some importance that he had given Moss a deed of trust of his effects to indemnify him against this suit; but the principal circumstance was, that Welch's liability would be increased, to the extent of the costs of this suit, if the judgment should be against Moss.[*]

*Judgment reversed.*

---

1812.

March 6th.

---

[*] The same point was also decided in the case of the Governor of Virginia v. Evans and others, at this term; which was the case of a bond with collateral condition. It was a joint action; and all the Defendants were taken, but pleaded separately.

