Tayxor, C. J. —
 

 The Complainant
 
 Cannon
 
 was surety for
 
 Glynn,
 
 in a note given to
 
 Nichols,
 
 whose administrator
 
 Jones,
 
 instituted a suit upon the same, and effected a recovery. The Complainant Isas satisfied the amount of the judgment, and enjoined it in the Master’s office, to abide the event of a decree in this cause. Ho claims to be discharged by the negligence and forbearance of the payee during his life-time, and of his administrator since his death, who he alleges might have received the money from the principal. — To establish the facts on which he founds his equity, he offers the evidence of
 
 Glynn,
 
 th& principal, and the single question in the case relates to his competency.
 

 
 *370
 
 it 5s a general rule, that persons who have an immediate interest in the event, as being liable to the N . . costs of an action, are incompetent witnesses. Thus, ¡Ja;j may not give evidence for their principal, because they are immediately answerable in case of a verdict against the Defendant. In an assumpsit for goods sold, the Plaintiff having proved the sale of the goods to the Defendant, and one J. S., who were partners in trade, it was held, that J. S. could not be a witness for the Defendant,- to prove, that the goods were sold to himself, and that the Defendant was not concerned in the purchase, except as his servant $ for by discharging the Defendant he benefits himself, as he would be liable to pay a share of the costs to be recovered by the Plaintiff.
 
 Peake
 
 N.
 
 P.
 
 174. — Though
 
 Glynn
 
 is liable to the payment of this money either to
 
 Jones
 
 or
 
 Cannon,
 
 yet he is evidently interested to defeat
 
 Jones’s
 
 action against
 
 Cannon,
 
 since in so doing he would be liable to
 
 Jones
 
 only in the costs of one suit, j whereas if
 
 Jones
 
 recovered against
 
 Cannon,
 
 the latter may recover against
 
 Glynn,
 
 the costs which he has paid in the suit brought by Jones. There is consequently, a certain benefit resulting to
 
 Glynn,
 
 if
 
 Jones
 
 fails in the suit, and a certain disadvantage if he succeeds.
 

 This precise question came before the' Supreme Court of the United States, and it determined that the principal obligor in a bond, is not a competent witness for the surety, in an action upon the bond ; the principal being liable to the surety for costs, in case the judgment should be recovered against him.
 
 Riddle
 
 v.
 
 Moss, 7 Cranch
 
 206.
 

 But the witness offered is under an additional disqualification, by our act of 1797, c. 487, which allows a surety, who has paid money for his principal, to recover the same by a citation and motion in a summary way, without resorting to an action. — Upon these grounds, I think there is no doubt of
 
 Glynn?s
 
 incompetence.
 

 The other Judges concurred.