Johnson, J.
delivered the opinion of the Court.
There can be no question, that exacting $10, in addition to the legal interest, as a premium for renewing a note, is in the very teeth of the statute against usury ; and if we take the evidence, as it is reported to us, it makes a very strong, and very clear case against the plaintiff: for there is not only a preponderance against him, but it strikes me, to use the language'of the brief, to be all on that side; and the decided opinion of the presiding Judge, that the verdict is against the evidence, would contml the discretion of this Court, even if the facts were more doubtful. On this ground alone, a new trial must be granted.
4 397.
iSut it has been objected, that Wharton was an incompetent Witness ; and that it would be no more than justice to the plaintiff, that the Court should strike out his testimony, in balancing the scales of the evidence, which would leave but a very slight presumption against the plaintiff.
On a former occasion the Court laid down the rule, in this identical case, that the maker was a competent witness, fit common law, to prove usury in the original concoctiou of a note, in an action against the indorser. But that was in reference to a supposed business transaction, and upon the ground, that the maker would not be liable over to the indorser, for the costs of the suit against him. It appears, however, that this was a mere' accommodation note, and that the defendant indorsed it, to enable the maker, Wharton, to raise money on it. No one ever consents to be bound for another, without the expectation of being indemnified, to the whole extent of the loss which he may sustain in consequence of it. From the nature of the contract between them, the principal is bound to anticipate loss to his surety in performing the obligation, which the contract, by which they became bound, imposes; and I can conceive of no case to which it would more aptly apply than between the maker and indorser of an accommodation note. The cases cited at thd bar clearly warrant such an application. See Jones v. Brooke, 4 Taunt. 464, Riddle v. Moss, 7 Cranch, 206, Hubbly v. Brown and Nichols, 16 Johns. 70, 3 M‘C. 78, note. Wharton had then a direct interest in the event of this suit, to the extent of the costs, and for that reason was clearly incompetent.
This conclusion does not, however, in my view, furnish any reason for refusing the new trial. I agree, that the introduction of improper evidence is not t^fepd ground for a new trial, in behalf of the party who introduces it: but here the defendant, confiding in the strength oljjMdence admitted by the Court, as competent, might have thd^pit it unnecessary to have adduced other evidence of the same facts, which might have been in his power; and to refuse him an opportunity of doing so, would be ' to suffer the error of the Judge, in a matter of law, to work ari injury. The motion in this case must therefore be granted.
Motion granted.