## WEIMER v. SHELTON.

1. If a plea professes in its commencement to answer the whole cause of action, and afterwards answers only a part, the whole plea is bad on general demurrer.
2. A general averment, in a plea of usury, that a certain sum was for usurious interest "upon other and preceding transactions," without specifying in what way that usurious interest accrued, does not comply with the meaning of the statute, which requires the "special facts" to be stated.
3. A security may avail himself of the defence of usury as well as the principal. An endorser for accommodation is regarded in the light of a security, and as such is entitled to avail himself of any defence which would have availed the maker.

Appeal from the Circuit Court of St. Louis county.

*J. B. Bowlin for Appellant.*

The only question here is as to the validity of the plea.

SEPT'R TERM, The plea shows an amount of usury that covers the whole 1841. sum claimed, and avers the note void. The demurrer admits the usury, and so admitting avoids the note under the statute. See R. C. page 333, sec. 4.

Weimar
v.
Shelton.

*C. D. Drake for Appellee.*

1st. That the record shows nothing to rebut the conclusion that evidence was given under the common counts, upon which the court below might properly have rendered the judgment it did. There should have been a bill of exceptions to show that no such evidence was given.

2d. That the matters set forth in the defendant's last plea constitute a defence personal to Call, the maker of the note, of which the defendant cannot avail himself, unless he shows himself to be an accommodation indorser for Call, without consideration, which the plea does not show; but, on the contrary, authorises the conclusion that he was indorser for value.

3d. That an endorser for value cannot inquire into the consideration passing between the maker and the indorser, he not being privy to the matter.

4th. That the plea is vague, uncertain and indefinite, in setting out the alleged usurious contract between Call and Shelton.

5th. The plea prays a deduction from the note of $90, which by defendant's own showing was not reserved as interest on the note sued on, but on other notes previously given.

6th. That the plea alleges an inconsistency, in stating in one place the $90 to have been for usurious interest accrued on other notes, and in another place designates it as a part of the usurious interest agreed by Call to be paid for the forbearance of the sum of three hundred dollars.

*Opinion of the Court by Napton, Judge.*

John G. Shelton brought an action of assumpsit against Weimar, on a negotiable note drawn by one George W.

SEPT'R TERM,
1841.

Weimar
v.
Shelton.

Call to the order of said Weimar, and endorsed by Weimar to the defendant in error.   The note was for three hundred dollars, payable in four months.   The declaration contained a special count on the note and the common counts.   The defendant, Weimar, pleaded, first, non-assumpsit; second, set-off; third, payment; and lastly, a special plea in bar, setting forth a usurious transaction between Call and Shelton.   This last plea commenced in the form usual when the plea is designed to answer the whole action; it averred that the note was given in pursuance of a usurious agreement between Call & Shelton, in which Shelton advanced to Call one hundred and fifty dollars, and took his note at four months, for three hundred dollars, sixty dollars of which was usurious interest upon the sum advanced, and ninety dollars was usurious interest upon other and preceding transactions: which preceding transactions are not set forth in the plea.   The plea concludes as follows: " wherefore the said defendant saith, that in pursuance of the statute aforesaid, he the said defendant is entitled to a deduction of the said sums of sixty and ninety dollars aforesaid, from the amount of said note in the said first count of the plaintiff's declaration mentioned, and that the said plaintiff ought to be barred from having and recovering of him the said defendant, so much of the amount in said note specified, as amounts to the usurious interest so corruptly retained as aforesaid, all which he the said defendant is ready to verify, wherefore he prays judgment if the said plaintiff ought to have and maintain his action aforesaid against him."

To the first three pleas the plaintiff replied and took issue, and demurred to the fourth.   The demurrer was sustained, and the defendant had leave to amend; afterwards leave to amend was waived, and the remaining pleas were withdrawn, and judgment given by *nil dicit* against the defendant.   Weimar, relying on his fourth plea, brings the case here by appeal.

The objections to this plea are two-fold.   The plea in form commences by professing to answer the whole action, and does not propose to answer a part only.   The defendant says that " the plaintiff ought not to have or maintain

If a plea professes in its commencement to answer the whole cause

sept'r term, his aforesaid action thereof against him, because," &c., pro-
1841. fessing in its commencement to answer the whole cause of
Weimar action, it only answers a part, and in conclusion prays judg-
v. ment as though the whole cause of action were answered.
Shelton. The whole plea was therefore bad on general demurrer. 1
of action, and Chitty on Plea. 555; Hallett v. Holmes, 10 Johns. R. 28;
afterwards
answers only Nevins v. Keeler, 6 Johns. R. 64; 1 Saund. 28, No. 3;
a part, the
whole plea is Everard v. Patterson, 6 Taun. 646; Woodward v. Robin-
badon general son, 1 Str. 303.
demurrer.
A general The form of the plea is also objectionable in this: that the
averment, in transaction in which the ninety dollars of usurious interest
a plea of usu-
ry, that a cer-accrued, is not set forth. The statute says it shall be lawful
tain sum was for the defendant to set forth the *special fact* in pleading,
for usurious
interest "up-and a general averment that a certain sum was for usurious
on other and interest, without specifying in what way that usurious inter-
preceding
transactions" est accrued, does not comply with the meaning of the act.
without spe-
cifying in It remains to be considered whether if the plea were
what way
that usurious amended in these particulars, it would constitute a good de-
interest ac-fence to the action. This question is not necessarily involv-
crued, does
not comply ed in the determination of this case, but a case between the
with the same parties, involving this question, having been remanded
meaning of
the statute, by the court at its present term, an opinion on the merits
which re-of this defence is deemed proper. The court are all of opin-
quires the
"special ion that a security may avail himself of the defence of usu-
facts" to be
stated. ry, as well as the principal. An endorser for accommoda-
A security tion is regarded in the light of a security, and as such is en-
may avail
himself of the titled to avail himself of any defence which would have
defence of availed the maker. As the act regulating interest stood at
usury as well
as the princi-the institution of this suit, the excess of the usurious interest
pal. An en-over the real sum of money advanced was adjudged against
dorser for ac-
commoda-the lender, and it became a debt of record, upon which the
tion is regard-
ed in the light party setting up the usury could on motion have judgment.
of a security, This provision presents a serious difficulty in allowing this
and as such is
entitled to defence to be set up by a security, as it would seem to be
avail himself the intention of the legislature that the party whose neces-
of any defence
which would sities had been taken advantage of should alone be entitled
have availed to the benefit of this provision, But however this may be,
the maker.
and whatever would be the proper course when a case of
this kind arises, it is clear that to construe the act so as to

preclude securities from setting up its provisions as a de-
fence, would enable usurers, by a very simple and easy de-
vice, to evade the law completely. Under the act as it was
amended at the last session of our General Assembly, I ap-
prehend this difficulty will not arise, defendant being by that
act merely relieved from the payment of usurious interest,
and the penalty imposed on the lender going to the common
school fund.

Judgment affirmed.