· AUSTIN *vs.* FULLER and others.

*It seems,* that a party may show an agreement, by parol, to pay an additional sum at some future day, as interest on a note or bond on which lawful interest is reserved.

If a note signed by several persons is void as to one, for usury, it is void as to all; and sureties may interpose this defense.

In an action against three defendants, on their joint and several note, one of them can not be admitted as a witness for his co-defendants, even if a judgment by default has been previously taken against him.

THE complaint set out a note, dated May 11th, 1847, for $103,69, payable to John Blasdell or bearer, by the 1st of December then next, with use; upon which the plaintiff claimed $99,27, and interest from April 18th, 1850.   The defendants Jonathan and David Fuller denied that the plaintiff was the owner of the note; or that they ever gave the note; and that if there was such note, it was payable at some time after its date, and signed by them as sureties of John Fuller, for a pre-existing indebtedness of John Fuller to Blasdell; and was given for that indebtedness, on an usurious agreement between Blasdell and John, that Blasdell would give time, and John should pay $5 on the 1st of July thereafter; which sum had been paid in pursuance of said agreement.   And further, that when it became due, without the knowledge or consent of the defendants, Blasdell, by an agreement with John, and for a valuable consideration received by Blasdell, gave John eight months further time.   And that on the 1st of May, 1849, another

Austin *v.* Fuller.

agreement between John and Blasdell, Blasdell yet owning the note, was made, without the consent of the defendants, and for a valuable consideration received by Blasdell, to wait till fall— which was also done. That John, at the time of these agreements, was solvent; but at the expiration of the last extension, John had become, and still continued insolvent. The plaintiff denied that David and Jonathan were sureties, or that the note was given for a previous indebtedness of John to Blasdell; and also denied any usurious agreement, and payment of $5. He also denied any agreement to extend the time of payment, but alledged that he did delay to prosecute on the note at the request of all the defendants, and that all that had been received by Blasdell was received in payment, and indorsed on the note.

The cause was tried at the St. Lawrence circuit, in June, 1850, before Mr. Justice Paige. On the trial, the note was proved. It was joint and several, and signed by John, Jonathan and David Fuller. On the back of it was indorsed, " Rec'd on this note, one dollar and 31 cents at the date of said note." " May 11, 1848, received on this note one year's interest, $7,25, and $5." "Rec'd May 11, 1849, one year's interest on this note, $6,90, and $5,35 principal—$12,25." The balance due was $100,42.

John Fuller, one of the makers and a defendant, was offered as a witness by the defendant and objected to by the plaintiff, but admitted. He testified that Blasdell had two notes against him, one secured by a chattel mortgage, and the other was signed by his brother David. And that it was agreed between him and Blasdell, that he should pay Blasdell $5 extra on the 1st of July, and get his brothers (the other makers) to sign this note with him. He got the note and took it to Blasdell, who indorsed it down to the exact amount then due; and that the witness paid the $5 on the 10th of July. The defendants offered to show, that time had been given without their knowledge or consent; but the court, on objection, rejected the evidence. John further testified that he told his brothers of the bargain between him and Blasdell, but not, he believed, that he was to pay the extra $5. That he had no property liable to execution, and had suffered judgment to be taken by default against him, in this suit.

Blasdell was sworn on the part of the plaintiff, and testified that he had sold this note to the plaintiff, and had no interest in the event of the suit, and did not assign it to be a witness; that this note was given for two other notes against John, one of which was secured by a mortgage, and the other was signed by David, who was good.  He denied any agreement to forbear, &c. and positively denied any usurious agreement, or that he had received any thing from John, except what he had received and applied on the note.

The counsel for the plaintiff requested the judge to charge the jury on five points: 1. That John was both a party to the action, and interested in the event of the suit; 2. That it appeared he was insolvent, and had suffered judgment, by default, for the purpose of coming in as a witness; 3. That the agreement, sworn to by him, was verbal, and not incorporated into the subsequent written agreement, and was superseded by the note, and formed no part of the contract; 4. That the note was joint and several, and the defendants, by using John as a witness, elected to treat it as a several note, and that not having knowledge of, or being parties to the agreement to pay $5, &c. they could not set it up as a defense, and the contract, as to them, was not usurious; 5. That as John was interested, and Blasdell was not, and his testimony was positive, and contradicted as to the payment of $5, they should take Blasdell's evidence and strike out that of John, and find for the plaintiff.  The judge refused so to charge, but charged that John, although interested, was a competent witness, and if they believed his testimony, there was a verbal ageeement between him and Blasdell, that the former should pay the latter $5 as a consideration for forbearance, provided for in the note; and that if it was paid, in pursuance of that agreement, the note was void, and David and Jonathan were entitled to their verdict.  The jury found a verdict for the defendants, and the plaintiff filed a bill of exceptions.

*B. Perkins*, for the plaintiff.

*A. B. James*, for the defendants.

*By the Court,* HAND, J.   It has been said that a party may show an agreement, by parol, to pay an additional sum, at some future day, as interest on a note or bond upon which lawful interest is reserved.   (*Macomber* v. *Dunham,* 8 *Wend.* 554. *Merrills* v. *Law,* 9 *Cowen,* 65.   *Cowen & Hill's Notes,* 1476. *Woodward* v. *Reynolds, MSS. 4th Dist.*)   Cowen & Hill cite *Hammond* v. *Hopping,* (13 *Wend.* 510, 511.)   An attempt was there made, to prove a second note for the additional interest ; and also to show admissions, which, however, did not tend to prove an executory agreement.   *Merrills* v. *Law* was afterwards reversed,(*a*) but this point was not noticed.

If different instruments are given, they may be considered as one transaction.   And one may give a note for a part of a debt, and agree, by parol, to pay the balance.   And the law will not be defeated by any device to cover usury.

But upon plain principles of evidence, it is not very clear how a parol agreement to pay additional interest on a note can affect the note.   Had the note reserved no interest, it would not have been admissible to prove, by parol, a simultaneous agreement to pay interest.   That would be directly varying a written instrument, by parol.   (*Norton* v. *Woodruff,* 2 *Comst.* 153.   *Erwin* v. *Saunders,* 1 *Cowen,* 249.   *Chit. on Cont.* 97, 98.)   Fraud may always be proved by parol ; but it is a little singular that proof of a parol executory agreement, which would be entirely nugatory, if there were no usury laws, should be admitted to make a contract illegal ; particularly, in cases where no part of the executory agreement has been performed.   However, my brethren are inclined to follow the cases, or *dicta* therein which I have noticed, and perhaps they are binding upon this court.

The plaintiff contends that, admitting the existence and admissibility of this parol contract, as it was made solely with John, the other two defendants were not bound by, nor can they take advantage of it.   But if void as to one, for usury, it is as to all, and sureties may interpose this defense.   (10 *Paige,* 583. 9 *Id.* 137, 197.   10 *Wheat.* 367.   4 *Peters,* 205.   2 *Hill,* 522, 656.   11 *Wend.* 329.   13 *Id.* 505.)

(*a*) *Law* v. *Merrills,* (6 *Wend.* 268, 283.)

But I think the judge erred in admitting John Fuller, the principal debtor, as a witness for his sureties, and co-defendants. In a few cases, under the code, this incompetency of a co-defendant has been limited to a party to the issue. (*Safford* v. *Lawrence*, 6 *Barb. S. C. Rep.* 566; *Mechanics and Farmers' Bank* v. *Rider and Wilbur*, 5 *How. Prac. Rep.* 401; *Parsons* v. *Pierce*, 8 *Barb. S. C. Rep.* 655.) In *Safford* v. *Lawrence*, the witness was a bankrupt, having no interest in the event of the suit. No process had been served upon him, but his appearance was wholly voluntary, and that had been stricken out of the cause. *Parsons* v. *Pierce* was an action for a tort, upon which class of cases it is not now necessary to express any opinion. In *Mechanics and Farmers' Bank* v. *Rider and Wilbur*, in which the opinion was prepared by the same judge as in *Safford* v. *Lawrence*, it is true, the defendants offered themselves, *seriatim*, as witnesses to sustain the defense of usury, and the judgment was reversed because they had been deprived of this interchange of testimony; Mr. Justice Parker, *dissentiente*. By an amendment of the code, I think this question is now at rest. But as this trial was before that amendment, the case must be decided accordingly, (§ 397.)

The former rule was, that a party to the record could not be sworn in the cause; much less a joint contractor, for his co-defendant. In England, after judgment by default against one co-defendant, in an action *ex contractu*, it has been decided, overruling some earlier cases, that he may, if he consent, be called by the plaintiff. ( *Worrall* v. *Jones*, 7 *Bing. Rep.* 395. *Pipe* v. *Steele*, 2 *Adolph. & Ellis New Rep.* 733. *Haddrick* v. *Heslop*, 12 *Id.* 267. *Dresser* v. *Clarke*, 1 *Carr. & Kirw.* 569.) But not by his co-defendant, at least, unless there was some matter of personal discharge, or a *nolle prosequi*. (*Butcher* v. *Forman*, 6 *Hill*, 583.) And the judge who delivered the opinion in *Safford* v. *Lawrence* was mistaken in supposing that the witness was called to sustain the defense, in *Worrall* v. *Jones*. He was there called by the plaintiff. And so he was in *Pipe* v. *Steele*. And there are many decisions in England, and some since Lord Denman's act, as well as

in this country, against his admissibility in such cases. Some of them are recent, and were made in actions of tort. (*Thorpe v. Barber et al.* 5 *Com. Bench Rep.* [*Man. Gra. & Sc.*] 675. *Mills* v. *Lee,* 4 *Hill,* 549. *Moon* v. *Eldred.* 3 *Id.* 106, *note a. Bohum* v. *Taylor,* 6 *Cowen* 313. *Bull* v. *Strong,* 8 *Metc.* 8. *Dresser* v. *Clark,* 1 *Carr. & Kirw.* 569. *Schermerhorn* v. *Schermerhorn,* 1 *Wend.* 119. 1 *Phil. Ev.* 59, 62, 75. *Townsend* v. *Downing,* 14 *East,* 565. *Walker* v. *Giles,* 6 *Com. Bench Rep.* [*Man. Gr. & Sc.*] 693. *Cowen & Hill's Notes,* 113. *Riddle* v. *Moss,* 7 *Cranch,* 206. *Munson and Suiter* v. *Hagerman,* 5 *How. Pr. Rep.* 223. *Dodge* v. *Averill, Id.* 8. *Merrifield* v. *Cooly,* 4 *Id.* 272. *Notes to Bent* v. *Baker in the Am. ed. of Smith's Leading Cases.*)(*a*)

*Haddrick* v. *Heslop,* decided in 1848, was an action of tort; and after a full examination of the authorities the court held the plaintiff might call a defendant who had suffered judgment by default, and the jury were also to assess the damages against him. And in *Thorpe* v. *Barber,* also decided in 1848, it was held, in an action of tort, that a defendant in such a case, was not admissible for his co-defendant, for he is interested to reduce the amount of damages, though a verdict for the other defendant would not enure to his benefit. And this doctrine was approved by Lord Denman in *Haddrick* v. *Heslop.* Both of these cases were after Lord Denman's act.

The case of *Hawkesworth* v. *Showler,* (12 *Mees. & W.* 45,) in which are some *obiter dicta,* that one who has suffered judgment by default in an action of tort, was not a party to the record, was decided in 1843, five years before *Thorpe* v. *Barber,* and *Haddrick* v. *Heslop.* In *The United States* v. *Leffler,* (11 *Pet.* 95,) the witness had been severed from his co-defendants, by the giving and acceptance of a cognovit, on which judgment had been entered up, he imprisoned, and afterwards discharged as an insolvent. He could hardly be said to be still on the same record. (And see *Butcher* v. *Forman, supra.*)

Whether the legislature intended to extend the rule as to the examination of co-parties beyond the former practice in chan-

(*a*) See *Law Library, vol.* 44, *pp.* 59 *to* 100

cery, it is not necessary now to determine. (See remarks of Mr. Justice Gridley in *Munson* v. *Hagerman, supra*.) It seems to me clear that a party to the record, and interested, can not be a witness for his co-defendant. Section 398 of the code removes the disability of interest, in ordinary cases; but § 399 excepts a party. This I think gives a construction to § 397.

It follows, that John Fuller was not a competent witness for the other defendants. He is a party and interested. Interested, because they were his sureties and he was bound to make indemnification; and interested also, as their principal, in reducing the amount of damages; and because there could be but one assessment of damages against them; and again, because this being on contract, a judgment against him can not be sustained if the other defendants succeed. (1 *Phil. Ev.* 75. *Townsend* v. *Downing,* 14 *East,* 555. 11 *Pet. Rep.* 95, 97. 7 *Cranch,* 206. *Notes to Bent* v. *Baker, Smith's Lead. Cas. Am. ed. And see Bates* v. *Conkling,* 10 *Wend.* 389, *and the authorities before cited; Bohum* v. *Taylor,* 6 *Cowen,* 313; *Scott* v. *Lloyd,* 12 *Pet. Rep.* 149.)

I think this judgment can not be sustained.

Judgment reversed.

[SARATOGA GENERAL TERM, January 5, 1852. *Willard, Hand* and *Cady,* Justices.]