## Commonwealth *versus* McKee's Executor.

1. The principal in a bond is not a competent witness for his surety.

ERROR to the Court of Common Pleas of *Butler county.*

This is a writ of error taken by plaintiffs below in the case immediately preceding, to which reference is made for the facts. On the trial, the defendants, to maintain the issue on their part, offered George Miller, a co-obligor, and principal in the bond on which the suit is brought, as a witness; whereupon the plaintiff's counsel objected, on the ground that he was liable for the costs of this suit, to the surety. The court, AGNEW, J., overruled the objection, and admitted the witness to testify, which is the error here complained of.

The opinion of the court was delivered October 20, 1853, by LEWIS, J.—One of the errors assigned is, that the principal in the bond on which the action was brought, was admitted as a witness for the surety. In general, the principal is bound to indemnify the surety from all loss, and is therefore interested in the event of the suit. But in this case it may be that the witness was offered merely to establish an appropriation of payments, which would charge him on the bond for the previous year, as much as it would relieve him on this; his interest in that case would be balanced, were it not for his liability for the costs of the present action. It is true that a surety, as between himself and the creditor, is bound for the costs as well as the debt; but this is not so as between the surety and principal. As between them, the surety is entitled to complete indemnity, and is bound for neither debt nor costs. If costs arise, it is because the principal neglects to pay the debt. The neglect of the surety to pay cannot be alleged by the principal. For these reasons it has been held that the drawer of a bill of exchange is not a competent witness for the acceptor; *Smith* v. *Thorne,* 9 Watts, 144; that the indorsers of an accommodation note are not competent witnesses for the maker; *Bank of Montgomery* v. *Walker,* 9 S. & R. 235; and that the principal obligor in a bond is not a competent witness for the surety. *Riddle* v. *Moss,* 7 Cranch, 206. This was decided by the Supreme Court of the United States, and the principle was reaffirmed in the *Governor of Virginia* v. *Evans et al.,* and recognized as sound by Mr. Justice Duncan, in the *Bank of Montgomery* v. *Walker,* 9 S. & R. 235. The court below was therefore in error in admitting the witness.

[Fulton *v.* Fulton.]

The other error relates to the rule for appropriating the payments, and is disposed of in the opinion just delivered on the writ of error taken by the defendants below.

Judgment reversed, and *venire facias de novo* awarded.