DAVIS *v.* GILLETT.

As a general rule, a sum of money in gross, stipulated to be paid for the non-performance of an agreement, is considered as a penalty or security for the payment of such damages as the party in whose favor the stipulation is made may have sustained from the breach of contract by the opposite party. It will be incumbent on the party who claims to recover the sum as liquidated damages, to show that they were so considered and intended by the contracting parties.

A, by his bond, acknowledged himself to be " holden and firmly bound " to B "in the sum of one thousand dollars." The condition of the bond was that A should not engage in a specified business within a certain time and place.

In the absence of any evidence concerning the intention of the parties, it was *held* that the sum of one thousand dollars was to be regarded as a penalty, and not as liquidated damages.

DEBT, founded upon the defendant's bond, which was as follows:

Know all men by these presents, that I, Orville H. Gillett, of Keene, in the county of Cheshire, am holden and stand firmly bound unto William L. Davis, of Keene aforesaid, in the sum of one thousand dollars, to the payment whereof well and truly to him I bind myself, my heirs, executors, administrators, and assigns firmly by these presents. Sealed with my seal and dated this [eleventh] day of May, A. D. 1866. The condition of this obligation is such, that whereas the said Davis has purchased of the said Gillett his goods, tools, and stock in trade, and the good will of his establishment at Keene, and the said Gillett has agreed that he will not hereafter, for ten years next ensuing, without the written consent of the said Davis, carry on, work at, or be interested in the stove or tin business at said Keene:— Now if the said Gillett shall keep and perform his said agreement with the said Davis, and shall not at said Keene hereafter in any way during said term be interested in the manufacture or sale of stoves or tin ware, or the business lately carried on in said Keene by said Gillett, but shall suffer and allow the said Davis to have and control said business and the good will thereof, during said time, then this obligation to be void, otherwise in full force.        O. H. GILLETT.   [Seal.]
Signed, sealed and delivered in presence of
        W. B. DOWNER,
        S. C. FOSTER.

A breach of the bond having been shown, the plaintiff moved for an execution for the full amount of the sum mentioned in the bond, being, as he contended, liquidated damages. The defendant contended that the bond is to be chancered, and execution to go only for the actual damage sustained. The plaintiff's motion was denied; to which he excepted, and the question of law was reserved for the whole court.

*Wheeler & Faulkner*, for the plaintiff.

The defendant's position, as we understand it, is, that this, being a suit upon a bond, is governed by the provisions of sec. 10, ch. 213, Gen. Stats.; and, if this position is correct, the plaintiff's motion was properly overruled. But the decisions in *Chamberlain* v. *Bagley*, 11 N. H. 234, *Brewster* v. *Edgerly*, 13 N. H. 275, and *Mead* v. *Wheeler*, 13 N. H. 351, were all made when substantially the same statutory provisions were in force; and neither in the arguments of counsel, nor in the opinions of the different judges, are those provisions adverted to. That the instruments declared on in these cases were not " bonds " cannot be the reason for this omission, because the statute then in force—1 N. H. Laws, p. 511, sec. 13—specified, beside bonds, " articles of agreement, covenant, charter party, obligation, or other specialty;" and, in the first two cases cited, the instruments declared upon were specialties; and in the last the action was brought to recover the sum

named by the parties as damages for the non-performance of articles of agreement.

In our view, the true interpretation of the law is, that whenever, upon examination of any instrument, it shall appear that the sum therein named as damages for the non-performance of the agreement therein contained was intended as a penalty or forfeiture, in such case the court will render judgment for such amount as is equitably due; but whenever it appears that the parties themselves have liquidated the damages, the court will not assume to make a new contract for them, but will enforce that which they have made by rendering judgment for the damages so liquidated.

The statute was not intended to be the adoption of a new rule of construction, but a confirmation and authoritative announcement of rules already adopted and promulgated by the courts.

If this view is correct, the only question in the case is, whether the sum named in the obligation in suit is to be regarded as a penalty, or as liquidated damages. Following the rules of construction laid down in the three cases cited, there can be no doubt that the sum named in the bond should be treated as liquidated damages, because that plainly appears to have been the intent of the parties; and the plainly expressed intention of the parties, in a case free from fraud, or illegality, must prevail. *Chamberlain* v. *Bagley*, *Brewster* v. *Edgerly*, *Mead* v. *Wheeler*, before cited; *Reilly* v. *Jones*, 1 Bingh. 302; *Gammon* v. *Howe*, 2 Shep. 250; *Gowen* v. *Gerrish*, 3 Shep. 273; *Knapp* v. *Maltby*, 13 Wend. 587; *Fletcher* v. *Dyche*, 2 T. R. 32; *Pierce* v. *Fuller*, 8 Mass. 223.

*Lane & Healey*, for the defendant.

In all contracts, the intention of the parties, as fairly inferred from the terms of the contract itself, aided by the light of surrounding circumstances and well established principles of law, is to govern. This suit is upon a bond, with a condition to be void on the performance and non-performance of certain things. The sum named in a bond is usually denominated and understood to be strictly a penalty, and this case seems to have no provisions to take it from that rule of interpretation. But we suppose that the provisions of the statute and the interpretation given to it in the cases of *Blaisdell* v. *Blaisdell*, 14 N. H. 78, and *Philbrick* v. *Buxton*, 40 N. H. 393, are decisive of this case. They seem to be precisely in point, and the reasoning in those cases is entirely applicable to the one under consideration. We do not think the cases—*Chamberlain* v. *Bagley*, 11 N. H 234, *Brewster* v. *Edgerly*, 13 N. H. 275, *Mead* v. *Wheeler*, 13 N. H. 351—at all like the case at bar, or at all in point for the plaintiff. These were not bonds, nor contracts with conditions in the nature of bonds, but were contracts in which the defendants promised to pay a certain sum in certain contingencies, which happened; and the court very properly held that they were bound to perform their contract.

FOSTER, J.   In this case the defendant has given to the plaintiff his bond in a form very commonly adopted, in which, having acknowledged himself to be holden and bound to the plaintiff in the sum of one thousand dollars, he recites a condition to the effect that having agreed, for a certain valuable consideration, not to do certain things, he stipulates that, upon the performance of such condition, the obligation shall be void.

It is not denied, nor doubted, that the condition incorporates a lawful and proper contract, the performance of which may be enforced at law ; and the bond is unquestionably intended to be a security for the performance of the defendant's covenant.

The rules applicable to the construction of such an instrument are defined with tolerable certainty, and are as well expressed by Mr. Sedgwick, in his treatise on the Measure of Damages, as in any other textbook in which the authorities upon this subject have been collected, arranged, and discussed.

The learned author finds certain rules and principles to be deducible from the very numerous adjudications upon the subject involved in the present inquiry.

The substance of these principles is, that the language of the agreement is not conclusive, and that the effort of the tribunal called to put a construction upon it will be to ascertain the true intent of the parties, and to effectuate that intent.

In order to do this courts will not be absolutely controlled by terms that may seem to be quite definite in their meaning, but will be at liberty to consider and declare a sum mentioned in a bond to be a *penalty*, even although it may be denominated liquidated damages, and *vice versa*, if manifest justice requires that a construction opposite to the expressed language of the instrument should be adopted.

In such cases, the court do not assume (as they certainly could not) to make a new contract for the parties ; but they conclude that the parties have incorrectly and inconsiderately expressed their intention. The court, therefore, ascertain the intention, and then give effect to it.

From all the cases, it seems to be manifest that the general disposition of the courts in this country is to regard the sum expressed in a bond as a penalty or security for the performance of the condition, and not as liquidated damages, in cases where the parties have not expressly declared it to be certainly the one or the other ; and, therefore, if the agreement assumes the form of a bond, with condition that it shall be void upon the performance or non-performance of an act, the *prima facie* presumption is, that the sum of money mentioned therein is intended merely as a security and not as liquidated damages ; and this presumption will stand until controlled by very strong considerations.

It is true, that where the condition is of the character expressed in this instrument, for a breach of which the damages are altogether uncertain and indefinite, the court would more readily incline to regard the sum of money named in the bond as the liquidated amount which the parties had agreed to regard as the damages for a failure to

perform the stipulated condition, than as mere security; but where the parties have omitted to make their intention certain by the use of unequivocal expressions which would bind them (and so render judicial interpretation of their language unnecessary), the general rule seems to be settled, that the damages will not be considered as liquidated.

We see no sufficient reason to take this case out of the operation of the general rule, as we have expressed it; and we have been unable to find any reported cases in conflict with it. On the contrary, in support of these views, we may refer to Sedgwick on the Measure of Damages 452–486, *passim*, and notes; *Esmond* v. *Van Benschoten*, 12 Barb. 365; *Tayloe* v. *Sandiford*, 7 Wheat. 13; *Astley* v. *Weldon*, 2 Bos. & Pul. 346; *Street* v. *Rigley*, 6 Ves. 815; *Price* v. *Green*, 16 M. & W. 346, 354; *Davies* v. *Penton*, 6 B. & C. 216; *Higginson* v. *Weld*, 14 Gray 165; *Richards* v. *Edick*, 17 Barb. 260; Story's Eq. Jur., sec. 1318; Bouv. Law Dic. (14th ed.) tit. Liquidated Damages; *Smith* v. *Wainwright*, 24 Vt. 97; 3 Pars. Con. 156–164, *passim*, and notes; *Tayloe* v. *Sandiford*, 7 Wheat. 13, in which Mr. Ch. J. MARSHALL uses the following language: "In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty, the legal operation of which is to cover the damages which the party, in whose favor the stipulation is made, may have sustained from the breach of contract by the opposite party. It will not, of course, be considered as liquidated damages; and it will be incumbent on the party who claims them as such to show that they were so considered by the contracting parties."

The cases in our own Reports—*Chamberlain* v. *Bagley*, 11 N. H. 234; *Brewster* v. *Edgerly*, 13 N. H. 275, and *Mead* v. *Wheeler*, 13 N. H. 351—are not in conflict with these views, which, moreover, are supported by *Blaisdell* v. *Blaisdell*, 14 N. H. 78.

The rule of construction of the bond in suit is determined by the principles of the common law; the statutes of this State (referred to by the plaintiff) having reference only to the practical enforcement of the agreement, after its true intent and purport shall have received judicial interpretation. Gen. Stats., ch. 213, secs. 9 and 10.

We are therefore of the opinion that the ruling at the trial term was correct, and that the plaintiff is entitled to judgment for such sum as shall be found equitably due, upon such evidence as may be submitted to the court.