WILLIAM MUDGETT, AS EXECUTOR OF CHALES MILLER, DECEASED, RESPONDENT, v. GEORGE W. GOLER AND FRANCES T. GOLER, HIS WIFE, APPELLANTS.

*Bond — when it may be contradicted by parol evidence, for the purpose of showing usury.*

In an action to foreclose a mortgage, given as collateral to a bond, regular and valid upon its face, parol evidence is admissible to show, for the purpose of establishing the defence of usury, that the mortgagor agreed to and did pay interest thereon at the rate of ten per cent per annum.

APPEAL from a judgment in favor of the plaintiff, entered on a decision made at the Monroe Special Term.

*J. & Q. Van Voorhis*, for the appellants.

*James L. Angle.* for the respondent.

SMITH, J.:

This is an action to foreclose a mortgage, given by the defendant Goler and wife to the plaintiffs' testator, Miller. The defence is usury. The mortgage was collateral to a bond executed by the defendant, conditioned for the payment of the sum of $5,500, in three years from date, with interest semi-annually. The consideration of the bond and mortgage was a loan of the sum of $5,500. At the trial, the defendant gave evidence tending to show that, at the time of giving the bond and mortgage, the borrower agreed to pay interest at the rate of ten per cent per annum, and that he had paid interest at that rate, semi-annually, up to the time of the death of the mortgagee. The court did not pass upon the evidence, but ordered judgment for the plaintiffs on the ground, as we gather from the opinion, that as the alleged usurious agreement contradicted the bond and mortgage, it could not be established by parol evidence. That ruling presents the only question in the case. Whatever our opinion of the question might be, if it were an open one, we regard it as decided adversely to the views of the Special Term. *Macomber* v. *Dunham* (8

c

Wend., 550) we regard as a case in point. *Merrills* v. *Law* (9 Cow., 65) is an authority on the point, although reversed (6 Wend., 268) on other grounds. *Austin* v. *Fuller* (12 Barb., 360) decides the precise question. Other cases to the same effect are cited in Cow., Hill and Edward's notes to Ph. Ev. [ed. of 1859], vol. 2, p. 673, note 494.

It is claimed by the respondents' counsel that the decision, if erroneous, did not prejudice the appellants, as the evidence, if it had been considered, would not have been found sufficient to warrant the finding of a usurious agreement. We think the weight of the evidence should be first passed upon by the trial court, and the Special Term having declined to consider it, erroneously as we think, the judgment should be reversed and a new trial granted, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.