Conger & Michael v. Babbet et al.

CONGER & MICHAEL v. BABBET ET AL.

1. **Promissory Note:** GUARANTOR: WHO IS: DEFENSE OF USURY BY. One who writes on the back of a note, "I hereby indorse the within note," and signs his name, is a guarantor, under section 2089 of the Code, the same as if he had indorsed in blank, and as a guarantor he may set up as a defense to an action on the note usury in its inception. See authorities cited in opinion.

*Appeal from Appanoose District Court.*

THURSDAY, SEPTEMBER 24.

ACTION ON A PROMISSORY NOTE. Defense, usury. The plaintiff appeals.

*Vermilion & Evans*, for appellants.

*Tannehill & Fee*, for appellees.

SEEVERS, J.—This case comes before us on a finding of facts by the court. The finding is that the note at its incep

tion was usurious, and that the defendant Jacob Babbet, after the execution of the note, upon a sufficient consideration, guarantied the same by writing thereon the following words: "I hereby indorse the within note. Jacob Babbet." The single question we are required to determine is whether Jacob Babbet can avail himself of such defense. As he was not a payee of the note, but a stranger thereto prior to writing his name thereon, he is, under the statute, a guarantor. Code, § 2089. The writing on the note amounts, in legal effect, to a blank indorsement; it is neither more nor less. A guarantor is a surety. Brandt, Sur., 1; 2 Daniel, Neg. Inst., § 1753. A surety may avail himself of the defense of usury to the same extent as the principal can. Brandt, Sur., 202. *Wermer v. Shelton*, 7 Mo., 237; *Morse v. Hovey*, 9 Paige, 196; *Austin v. Fuller*, 12 Barb., 360; *Stockton v. Coleman*, 39 Ind., 106. And in *Huntress v. Patten*, 20 Me., 28, it is held that the guarantor of a contract tainted with usury is so far a party to the same that he may set up such defense. Following these authorities, we hold that there is no error in the record.

AFFIRMED.