## AUCHAMPAUGH, ADM'R, v. SCHMIDT.

1. **Statute of Limitations**: DEBT BARRED AS TO PRINCIPAL BARRED ALSO AS TO SURETY. A claim which is barred by the statute of limitations, as against the principal debtor, is by reason thereof barred also as against the surety. So *held* in an action upon a promissory note made in Illinois, where the parties resided, and where the principal debtor continued to reside, and where action against him was barred, but where the surety removed to Iowa before the action was barred in Illinois, and the action was begun against him in Iowa before it would otherwise have been barred by the statute of this state. REED, J., *dissenting*.

*Appeal from Buchanan Circuit Court.*

THURSDAY, APRIL 22, 1886.

ACTION upon a promissory note purporting to be executed as a joint note by one Charles Leipold and the defendant.

The note was executed in Illinois, where Leipold lived, and still lives. It became due May 23, 1871, and this action was commenced January 28, 1885. The defendant pleaded that he signed the note merely as surety; that under the law of Illinois the note became barred as against Leipold by the statute of limitations; and that, being barred as against Leipold, the principal, it was barred as against his surety, the defendant. There was a trial to a jury, and a peremptory instruction was given to find for the plaintiff. Verdict and judgment were rendered accordingly, and the defendant appeals.

*Woodward & Cook*, for appellant.

*E. E. Hasner* and *Daniel Smyser*, for appellee.

ADAMS, J.—The note was executed to one Schneider, the plaintiff's intestate. The fact that the note was signed by the defendant as surety was proven only by the defendant's wife. An objection was raised to her testimony on the ground that she was an incompetent witness to prove such fact as against an administrator. The court overruled the objection, and the evidence was admitted, and no question is now raised as to the correctness of that ruling. If we should be of the opinion that she was incompetent, and that there was no proper evidence that the defendant's relation to the note was that of surety, we could not affirm upon that ground, because we do not know that the defendant might not have introduced other evidence upon the point if his wife's testimony had been excluded.

We come, then, to the question raised by the answer and the admitted evidence of suretyship, and that is as to whether a claim which is barred by the statute of limitations, as against the principal debtor, is *by reason thereof* barred also as against a surety. In answer to this question, we have to say that we think that it is. No authority has been cited upon either side which is directly in point. Ordinarily, we

may presume that, where the statute has fully run as against the principal, it would happen that it had fully run as against the surety. But the case before us has this peculiarity: The defendant, when the note was executed, resided in Illinois. Before the note was barred by the statute of that state he removed to Iowa, and before the statute of this state had fully run the action was commenced. If, then, the defendant were a principal debtor, the note would not be barred as against him, however it might be as against Leipold. He must therefore rely solely upon the fact that he is surety upon the note, and upon the bar as against Leipold. Such being the case, it is perhaps not surprising that no authority should be cited that is precisely in point. It becomes our duty, therefore, to attempt to determine the case on principle. It would not be denied that a surety upon a note may set up any meritorious defense which the principal, if sued, might set up in his own behalf. Now, when the statute of limitations has run as against the principal, the law excuses him from setting up any meritorious defense which he may have, and allows him to rely upon the technical defense of the statute alone. The theory is that he was not under obligations to preserve any longer the evidence of his meritorious defense if he had any, and so the court will not inquire whether he had such defense or not. The statute has been very properly denominated the statute of repose. As the surety is allowed to set up any meritorious defense which the principal might have set up, we are not able to see why he should be required to preserve the evidence of such defense after the principal was not bound to do so. Again, when a surety pays a debt, it is his right to look to the principal for reimbursement. But a surety paying a debt, after it had become barred as against the principal, would be remediless. Now, we do not think that a creditor, by his own dilatoriness, should be allowed to put the surety in such position. It is not a full answer to say that a surety might have protected himself. It may be conceded that he

might. But, practically, sureties often overlook their obligations if their attention is not called to them, and we do not think that the just protection of the rights of the creditor requires that we should hold so strict a rule against them as that for which the plaintiff contends.

It is said, however, that the defendant, if he is allowed to plead the bar of the statute at all as against the principal, should have averred and shown that no judgment in fact had been rendered against the principal. But we think that we would be justified in assuming, from the plea made, that judgment had not been rendered until it was averred and shown by the plaintiff to the contrary.

REVERSED.

REED, J., *dissenting*.—The facts upon which the question in this case arises are as follows: The promissory note in suit was executed in the state of Illinois, where all of the parties to the contract then resided. Leipold was the principal debtor, and the defendant was surety, although this is not shown by any recital of the note. After the maturity of the note, but before the right of action upon it was barred by the statutes of Illinois, defendant removed to this state. Leipold is still a citizen of Illinois, but the right of action on the note against him is now fully barred by the statute of limitations of that state. The holding of the majority is that the defendant is discharged from liability on the note by reason of the fact that the right of action thereon against the principal debtor is barred. I do not concur in that holding. In my opinion, he is still liable on the contract, although it cannot now be enforced against the principal. The right of action against Leipold is barred, not because there is any conclusive presumption that the contract has been performed, but because there has been such lapse of time since the right accrued that the law will not now render its aid in enforcing it. The principal debtor is released from liability on the contract solely by operation of law, and I regard it as well

settled that the release of the principal by act of law does not discharge the surety. See Brandt, Sur., § 126, and authorities cited in note 1.

I think this follows necessarily from the nature of the contract between the parties. The undertaking of the surety is that he will pay the debt. His agreement is with the creditor, and it is an absolute undertaking that he will perform the contract. It is not collateral to that of the principal, but is distinct from it. He does not undertake for the principal, but for himself, and the creditor may rely exclusively on his agreement, and may look to it alone for his security; and, when a cause of action accrues on the contract, the creditor may pursue his remedy against him alone. He is under no obligation to enforce the contract against the principal unless requested by the surety to do so in the manner prescribed by the statute. The security has the right to be indemnified if the contract is enforced against him, but that right arises out of his relations to the principal; and not out of his contract with the creditor, and the latter is under no obligation to do anything for the protection of that right except in cases where the notice prescribed by the statute is given him.

It is said in the majority opinion that defendant, if he is compelled to pay the debt, would be without a remedy against the principal, but I think there is no foundation for this assumption. The obligation of the principal to indemnify the surety does not arise out of his contract with the creditor, but is implied by the law from his relation to the surety, and it continues until the liability of the surety is terminated. *Hollinsbee v. Ritchey*, 49 Ind., 261. His liability to the surety arises when the latter has performed the contract. *Lamb v. Withrow*, 31 Iowa, 164.

I think, therefore, that the ruling of the circuit court is correct, and that the judgment should be

AFFIRMED.