FIRST NATIONAL BANK OF SHENANDOAH, Appellee, v. FRANCIS DRAKE et al., Appellants.

GUARANTY: Discharge of Guarantor—Secondary Liability. Under Section 3060-a192, Code Supplement, 1913, the guarantor on a note is only secondarily liable, and therefore, under Section 3060-a120, Code Supplement, 1913, he is discharged by the discharge of the principal, or prior party.

GUARANTY: Limitation of Actions—Nonresident Guarantor Discharged by Bar of Statute Against Maker of Note. A cause of action which is barred by the statute of limitations as against the maker of a note is, by reason thereof, barred against the guarantor on the same note, although the guarantor is a nonresident of the state, and otherwise there would be no such bar as to him.

*Appeal from Page District Court.*—THOMAS ARTHUR, Judge.

MARCH 21, 1919.

ACTION upon a guaranty of a payment of a promissory note. Plea: The statute of limitations has run against the maker of the note, and the guarantor is entitled to invoke the same statute in his own behalf. Judgment and decree for the plaintiff in the court below. Defendant appeals.—*Reversed.*

*Denver L. Wilson* and *Thomas W. Keenan,* for appellants.

*Ferguson, Barnes & Ferguson,* for appellee.

GAYNOR, J.—In this action, plaintiff seeks judgment against defendant Francis Drake, on his guaranty of payment of a certain note, and asks that the conveyance of certain real estate claimed to have been fraudulently conveyed to the defendant Eliza Drake be set aside as fraudulent.

It appears that, on or about September 23, 1905, one J. B. Sutton executed his promissory note to the Read-Gwynn Bank of Imogene, due in six months from date, and that this note was duly transferred to plaintiff. At the time the note was executed, and before it was delivered, Francis Drake, with others, guaranteed its payment, in writing, on the back thereof, in the following words:

"For value received we hereby guarantee the payment of the within note at maturity, waiving demand, notice of nonpayment and protest."

The action against Francis Drake is upon this guaranty. Before the commencement of this action, the note was barred by the statute of limitations as to Sutton. Before it became barred, Francis Drake moved to California, and has resided there ever since. The action, therefore, is not barred, as to him, under the statute. It is claimed, however, that, inasmuch as the action on the note was barred at the time this action was commenced, as to J. B. Sutton (the maker) and his estate,—for Sutton died in 1912,—it is barred as to him. No action or proceeding of any kind was ever had against the principal, Sutton, or his estate. It is apparent that, if the defendant's contention is correct, and the fact that the statute has run against Sutton bars the action as to this defendant, the controversy is at an end. There is no claim that Drake was other than guarantor of the payment of the note. There is no claim that any of the consideration passed to him. He is sought to be held upon his guaranty only. Sutton was primarily liable upon the note. Drake's guaranty was of the payment. He assumed, therefore, a secondary liability. All right to enforce payment against Sutton has been lost by lapse of time, and the plaintiff is without remedy against Sutton or his estate. Plaintiff pleads no excuse for not enforcing his claim against Sutton or his estate. Sutton died some time in 1912, and at the time of his death, was a resident of this state.

Section 3060-a192, Code Supplement, 1913, provides:

"The person 'primarily' liable on an instrument is the person who *by the terms of the instrument* is absolutely required to pay the same. All other parties are 'secondarily' liable."

1. Guaranty: discharge of guarantor: secondary liability.

In *Rouse v. Wooten*, 140 N. C. 557, 558, the Supreme Court, construing this section, held that a surety comes within the definition of a person whose liability is primary; for he is, by the terms of the

instrument, absolutely required to pay the same. See, also, *Coleman v. Fuller,* 105 N. C. 328.

A surety's promise is to pay the debt. A guarantor's undertaking is to pay the debt if the debtor cannot. A guarantor is never the maker of the note. The undertaking of a guarantor is collateral. In the case of a surety, there is a direct promise to perform the original contract; while a guarantor's promise is only to perform the promise of another in case he cannot perform.

It is true, in this case, that the guaranty is absolute, but it is the guaranty of the performance of a contract made by another. It is a guaranty that the other will pay what he has contracted to pay in the original obligation. It is true that the defendant waived demand, notice, and protest, yet he stood as one pledging his credit to secure the obligation of another. His promise was, therefore, collateral to the promise of the other. The original promise of the maker was to pay. The promise of the guarantor was that the maker would pay. He made no direct promise to pay. The simple legal import of his promise was to protect the promise of another; to make good the promise of the other. His promise, therefore, though, in a sense, original and absolute, was collateral, and his liability secondary. All right to enforce the agreement of the original promisor has been lost by lapse of time. Section 3060-a120, Code Supplement, 1913, provides that a person secondarily liable on the instrument is discharged by the discharge of a prior party. See 2 Randolph on Commercial Paper (2d Ed.), Chapter 26, Section 849, in which it is said:

"A guaranty is a promise to answer for the payment of some debt or the performance of some duty in case of the failure of another person who is liable in the first instance. A guarantor differs from a surety in this: that a surety is liable absolutely as principal upon default."

See *Ayres v. Findley,* 1 Pa. St. 501.

"But he [guarantor] undertakes to pay the note if he is called upon to do so within a reasonable time after its maturity and dishonor." *Parkman v. Brewster,* 15 Gray (Mass.) .271.

In *Moore v. Holt,* 10 Gratt. (Va.) 284, it is said:

"A guaranty is a collateral engagement or undertaking to be responsible for the debt of another upon his failure to perform his engagement. The surety's promise is to pay a debt which becomes his own debt, when the principal fails to pay it.  *  *  *  But the guarantor's debt is always to pay the debt of another." 2 Parson on Notes & Bills, 118.

The author says, also, that the surety's undertaking is to pay if the debtor cannot.

A surety is usually bound with his principal, in the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning. Usually, he will not be protected either by a mere indulgence of the principal or by want of notice of default of the principal, no matter how much he may be injured thereby.

In *Kearns v. Montgomery,* 4 W. Va. 29, 40, it is said:

"The contract of a guarantor is collateral and secondary. It differs in that respect generally from the contract of a surety which is direct; and in general, the guarantor contracts to pay, if, by the use of due diligence, the debt cannot be made out of the principal debtor, while the surety undertakes directly for the payment, and so is responsible at once if the principal debtor makes default."

A guaranty is a contract by one person to another for the fulfillment of a promise of a third person. *Andrews & Co. v. Tedford,* 37 Iowa 314. A guarantor is, in a sense, a surety, and may avail himself of any defense, to the same extent as the principal. *Conger & Michael v. Babbet,* 67 Iowa 13. A guarantor is one who becomes bound for a prior or collateral contract upon which the principal alone

is bound. A surety is one who joins with his principal in the execution of a contract, and becomes primarily liable thereon. A guarantor is not primarily liable upon his principal's contract, and only becomes liable upon default of the latter. *Singer Mfg. Co. v. Littler,* 56 Iowa 601.

We have said this much because we think this case is controlled and ruled by what was said by this court in *Auchampaugh v. Schmidt,* 70 Iowa 642, in which it was held that a claim which is barred by the 2. GUARANTY: limitation of actions: nonresident guarantor discharged by bar of statute against maker of note. statute of limitations, as against the principal debtor, is, by reason thereof, barred also as against the surety. In that case, like the case at 'bar, the surety was a nonresident, and as to him, under the statute, the suit was not barred. The maker of the note, however, was a resident of this state, and as to him an action was barred. The surety pleaded the bar against the maker as available to himself as surety, and his contention was sustained. This case has stood unchallenged in this court over 30 years. Some cases, however, hold to a different doctrine. See *Willis & Bro. v. Chowning,* 90 Tex. 617 (40 S. W. 395, 59 Am. St. 842, and notes to the case as reported in 59 Am. St.). See, also, 12 Ruling Case Law, under the head of "Guaranty," Sections 52 and 55.

We see no reason, however, for departing, at this time, from the holding in the *Auchampaugh* case, supra. Nor is there any sound reason why the rule as laid down in this case does not apply to a guarantor. He, like the surety, may avail himself of any defenses that were open to his principal. By the laches of the plaintiff, the maker and his estate have been relieved of the obligation of the original contract. As said in the *Auchampaugh* case, the original maker is relieved from setting up any meritorious defense which he may have had, and his estate is permitted to rely upon the technical defense of the statute alone. His estate

was, therefore, no longer under obligation to preserve the evidence of the meritorious defense, if any; so the court will not inquire whether he had a meritorious defense. The statute is a statute of repose. It follows, from the logic of that case, that this guarantor, who had a right to set up any defense which the original maker of the note might have urged against the note, is also not required to preserve the evidence of that defense after the principal was not bound to do so.

All the reasons that support the *Auchampaugh* case can be urged, with even greater reason, in favor of the guarantor. Following the rule in the *Auchampaugh* case, we think the court was wrong in entering judgment against this defendant. His plea should have been sustained and the cause dismissed. As plaintiff had no enforcible claim against this defendant, it is immaterial whether the transfer of the real estate was made to the other defendant without consideration or not. The cause is reversed, with direction to sustain defendant's plea of the statute of limitations, and to dismiss the cause as to both defendants.—*Reversed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.